**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 1 0 2020

JAMES W. McCORMACK, CLERK

By:_____
DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**NELLIE ARNOLD**                                                    **PLAINTIFF**

**VS.**                              **CASE NO.** 4:20cv 729-DPM

**MARANDA TURNER, BOTH INDIVIDUALLY
AND IN HER OFFICIAL CAPACITY AS A DEPUTY
WITH AND FOR THE SALINE COUNTY SHERIFF'S
OFFICE, BRENT BITTLE, BOTH INDIVIDUALLY AND
IN HIS OFFICIAL CAPACITY AS A DEPUTY WITH
AND FOR THE SALINE COUNTY SHERIFF'S OFFICE,
THE SALINE COUNTY SHERRIFF'S OFFICE,
RODNEY WRIGHT, SALINE COUNTY SHERRIFF, BOTH
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS
SHERIFF OF THE SALINE COUNTY SHERIFF'S OFFICE
AND SALINE COUNTY, ARKANSAS**                           **DEFENDANTS**

This case assigned to District Judge _Marshall_
and to Magistrate Judge_____

### COMPLAINT

Comes the Plaintiff, Nellie Arnold, by and through her attorneys, Hope, Trice O'Dwyer &

Wilson, P.A., and for her causes of action against the Defendants, Maranda Turner, individually

and in her official capacity as a Deputy with and for the Saline County Sheriff's Office, Brent

Bittle, individually and in his official capacity as a Deputy with and for the Saline County Sheriff's

Office, the Saline County Sheriff's Office, Rodney Wright, individually and in his official capacity

as Sheriff of the Saline County Sheriff's Office, and Saline County, Arkansas, alleges and states

the following:

### JURISDICTION AND VENUE

1.    Plaintiff brings this action under the laws of the United States of America, in

particular the Fourth, Fifth, Eighth, and Fourteenth Amendments of the U.S. Constitution; 42 U.S.

Code § 1983; U.S. Code § 1981; and U.S. Code § 1988; Article II of the Arkansas Constitution and the Arkansas Civil Rights Act, codified at Ark. Code Ann. §§ 16-123-101 *et seq.* and under Ark. Code Ann. § 16-118-107; negligent hiring, supervision or retention; and general negligence. Likewise, Plaintiff brings this action under the Constitution of the State of Arkansas and the common law of the State of Arkansas, against all of the herein named Defendants.

2.      This Court's jurisdiction is proper and is invoked pursuant to 28 U.S. Code § 1331 and 28 U.S. Code §1367.

3.      Venue is proper, pursuant to 28 U.S. Code § 1391.  The actions complained of herein occurred within the jurisdiction of this Court and involve Defendants located within the jurisdiction of this Court.   All causes of action made part of this suit arise from actions or inaction by the Defendants located in Saline County, Arkansas, who acted under color of state law at all times relevant to this suit and caused injury to Plaintiff.

## PARTIES

4.      The Plaintiff, Nellie Arnold, (at times hereinafter referred to as "Ms. Arnold" and "Arnold") is a resident of Saline County, Arkansas. At the time of the incident herein, Ms. Arnold was seventy-six (76) years old.

5.      Defendant, Maranda Turner, (at times hereinafter referred to as "Deputy Turner" and "Turner") was employed as a deputy sheriff for the Saline County Sheriff's Office at the time of the incident at issue in this lawsuit.   The causes of action made part of this suit arise from Turner's actions or inactions occurring in Saline County, Arkansas under color of state law.

6.      Defendant, Brent Bittle, (at times hereinafter referred to as "Deputy Bittle" and "Bittle") was employed as a deputy sheriff for the Saline County Sheriff's Office at the time of the

2

incident at issue in this lawsuit. The causes of action made part of this suit arise from Bittle's actions or inactions occurring in Saline County, Arkansas under color of state law.

7.     Defendant, Saline County Sheriff's Office, (at times hereinafter referred to as the "Sheriff's Office") is a department of the county of Saline County, Arkansas.

8.     Defendant, Rodney Wright, (at times hereinafter referred to as "Sheriff Wright" and "Wright") was elected, employed and serving as the Sheriff for the Saline County Sheriff's Office at the time of the incident at issue in this lawsuit. The causes of action made part of this suit arise from Sheriff Wright's actions or inactions occurring in Saline County, Arkansas under color of state law.

9.     Defendant, Saline County, Arkansas is a governmental entity authorized and acting pursuant to the laws of the State of Arkansas, which exercising powers conferred upon it by the State of Arkansas is responsible for the acts and practices of the Saline County Sheriff's Office and is also responsible for the acts or omissions of the Saline County Sheriff's Office's officers and employees. All of the acts and conduct of its agents and employees complained of herein were under color of state law and all of the acts and conduct of its agents/employees complained of herein were pursuant to policies and procedures consistent with practices sanctioned by management officials of Saline County, Arkansas.

10.    Whenever the term "Defendants" is utilized within this suit and without a modifier, such term collectively refers to and includes all named Defendants in this lawsuit.

11.    At all times relevant hereto, Defendants acted deliberately, intentionally, maliciously and in deliberate disregard of Plaintiff's rights to be free from cruel and unusual punishment, unreasonable search and seizure, and unreasonable deprivation of life and liberty

3

without due process of law and in deliberate disregard of rights secured to her under the Constitution of the United States of America and the Arkansas Constitution.

## NATURE OF CAUSES OF ACTION

12.     This Complaint is a civil rights cause of action for and to recover compensatory and punitive damages against Defendants resulting from their violation of Plaintiff's rights protected by the United States Constitution as well as the Constitution of Arkansas, including the right to be free from unreasonable seizure, the right to be free from cruel and unusual punishment and unreasonable deprivation of life and liberty without due process of law.

## FACTS

13.     Plaintiff incorporates all of the allegations contained in paragraphs 1 – 12.

14.     On the afternoon of July 3, 2017, Deputies Turner and Bittle were called to Ms. Arnold's residence located at 13804 Royal Oaks Dr., Mabelvale, Arkansas on disturbance calls between Ms. Arnold and Lowell Best.

15.     At approximately 6:18 p.m., Deputies Turner and Bittle were again dispatched to Ms. Arnold's residence. During the prior dispatches, Ms. Arnold was cordial with the deputies and no action was taken by the deputies and Ms. Arnold complied with the deputies at such time.

16.     When the deputies arrived at the residence, Ms. Arnold was outside her residence and outside the fence to her yard standing at the trunk of her car.  Mr. Best was inside the house at the time.

17.     When the deputies arrived and observed Ms. Arnold at her trunk, Deputy Bittle advised Deputy Turner to put Ms. Arnold into handcuffs and place her in the patrol unit.

4

18.     As Deputy Turner approached Ms. Arnold, Ms. Arnold had her hand in her pocket to get her keys to lock her car.

19.     Deputy Turner took a confrontational stance and ordered that Ms. Arnold put her hands behind her back.  In compliance with those orders, Ms. Arnold attempted to get her hands behind her back.  Ms. Arnold was not resisting or wiggling at the time, but before she could get her hands behind her back, Deputy Turner slammed Ms. Arnold to the ground.

20.     As a result of Deputy Turner's deliberate, intentional and malicious action, Ms. Arnold sustained injury to her left wrist and hand which injury was clearly visible to Deputies Turner and Bittle.  Ms. Arnold was screaming and crying in pain after the actions of Deputy Turner.  However, Deputies Turner and Bittle provided no assistance, medical or otherwise, to Ms. Arnold, other than allegedly calling for an ambulance.  It took over forty-five (45) minutes for an ambulance to arrive and Deputies Turner and Bittle stood by their vehicle without providing any assistance to Ms. Arnold as she continued to bleed constituting gross deliberate indifference.

21.     Ms. Arnold was transported to Saline County Memorial Hospital and then subsequently to the University of Arkansas for Medical Sciences emergency room where surgery was performed on her wrist and hand.

22.     As a direct and proximate result of Defendants' willful, intentional, deliberate and malicious conduct, Plaintiff suffered injuries including, but not limited to, physical injuries, including bone puncture and permanent scarring, severe pain, loss of ability to perform normal daily tasks, loss of motion of her left hand and wrist, undue anxiety, attorneys' fees and other economic damages.

5

23.     Ms. Arnold was taken for orthopedic surgery by Dr. John Bracey with UAMS on the evening of July 3, 2017 with a complex fracture with severe displacement to her left wrist and hand as a result of being slammed to the ground.   The wound was significantly contaminated with dirt and debris as a result of waiting approximately forty-five (45) minutes for medical personnel to arrive and it took Dr. Bracey over an hour to clean the wound by removing every particle of debris.   The fracture was grossly realigned and an external fixator was placed on Ms. Arnold's wrist and arm to stabilize.   The use of the external fixator in lieu of other surgical options was required due to Ms. Arnold's age, severity of the injury, demands and stability in supination.   Ms. Arnold had the external fixator on her wrist and arm for a month and a half with it being surgically removed on August 18, 2017.

24.     Ms. Arnold has participated in physical therapy for her wrist and hand.   Ms. Arnold is left handed and unable to perform most of the basic tasks of life as a result of the injury and continues to have pain to this day. Additionally, Ms. Arnold has had to use a removable brace for the injury as well.

25.     At the time of the incident described herein Deputy Turner was in field training as a deputy sheriff.   During her training, certain weaknesses were observed by Deputy Turner's superiors, including that Deputy Turner needs to be more secure in her decision making and voice commands while on calls. Approximately two weeks prior to the incident herein alleged, Deputy Turner allowed a subject to walk away from a traffic stop and use the restroom and was counseled on how to give the subject commands to follow. Further, less than a month after the incident stated herein, Deputy Turner on July 28, 2017, resigned as a deputy sheriff patrol officer with a note she was going to become a civilian victim's advocate at the Saline County Sheriff's Office and a

6

Personnel Change-in-Status Report was executed.

26.     Deputy Bittle has received extensive training as a sheriff's deputy related to medical/trauma issues and decision making, including receiving a certificate for completing the course of Celox/Traumatic Bleeding Kit in September 2008, First Responder/First Aid Course in July 2009, Use of Force Decision Making in November 2014, previously and/or currently being an Emergency Medical Technician and receiving an Emergency Medical Technician-Paramedic degree.  Despite Deputy Bittle having such training, he provided no medical assistance to Ms. Arnold and it took approximately forty-five (45) minutes for an ambulance to arrive.

27.     Sheriff Wright, the Saline County Sheriff's Office and Saline County, Arkansas control the day-to-day operations of the Saline County Sheriff's Office and its employees by mandating policies, procedures and reporting.  Upon information and belief, Sheriff Wright, the Saline County Sheriff's Office and Saline County, Arkansas failed to implement or enforce policies that provide adequate training and supervision to deter or prevent the type of conduct complained of in this lawsuit.

28.     Plaintiff is entitled to her costs of litigation, as well as attorneys' fees, pursuant to 42 U.S. Code § 1988.

## CAUSES OF ACTION

### VIOLATION OF THE PLAINTIFFS' RIGHTS UNDER THE FIRST, FOURTH, FIFTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND UNDER ARTICLE 2 OF THE CONSTITUTION OF THE STATE OF ARKANSAS AND ARKANSAS CIVIL RIGHTS ACT

29.     All of the allegations previously plead herein are re-alleged as though stated word-for-word.

30.     The First Amendment provides for freedom of speech.

31.     The Fourth Amendment provides that the government shall not violate the right for people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures.

32.     The Fifth Amendment provides, in relevant part, protection that no person shall be deprived of life, liberty, or property, without due process of law.

33.     The Eighth Amendment provides that, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

34.     The Fourteenth Amendment provides that, "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

35.     42 U.S. Code §1983 provides, "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…"

36.     The Constitution of the State of Arkansas provides that people "have certain inherent and inalienable rights; amongst which are those of enjoying and defending life and liberty; of acquiring, possessing and protecting property; and reputation; and of pursuing their own happiness." Const. of Ark., Article 2, Section 2.

8

37.     The Constitution of the State of Arkansas further provides, "nor shall any citizen ever be deprived of any right, privilege or immunity; nor exempted from any burden or duty, on account of race, color or previous condition." Const. of Ark., Article 2, Section 3.

38.     The Constitution of the State of Arkansas further provides, "The free communication of thoughts and opinions, is one of the invaluable rights of man; and all persons may freely write or publish their sentiments on all subjects, being responsible for the abuse of such right."   Const. of Ark., Article 2, Section 6.

39.     The Constitution of the State of Arkansas further provides, "nor be deprived of life, liberty or property, without due process of law."   Const. of Ark., Article 2, Section 8.

40.     The Constitution of the State of Arkansas further provides, "nor shall cruel or unusual punishments be inflicted; nor witnesses be unreasonably detained." Const. of Arkansas, Article 2, Section 9.

41.     The Constitution of the State of Arkansas further provides, "the right of the people of this State to be secure in their persons, houses, papers and effect, against unreasonable searches and seizures." Const. of Arkansas, Article 2, Section 15.

42.     The Arkansas Civil Rights Act of 1993 is codified at Ark. Code Ann. §16-123-101 *et seq*.  Ark. Code Ann. §16-123-105(a) provides "Every person who, under color of any statute, ordinance, regulation, custom, or usage of this state or any of its political subdivisions subjects, or causes to be subjected, any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Arkansas Constitution shall be liable to the party injured in an action in circuit court for legal and equitable relief or other proper redress."

43.     Nellie Arnold had a clearly established right not to have her person seized.

9

44.     Nellie Arnold had a right to not to be handcuffed, for Deputy Bittle not to direct that Ms. Arnold be handcuffed, and for Deputy Turner not to slam Ms. Arnold to the ground.

45.     Deputy Turner and Deputy Bittle made unnecessary and unjustified commands and shows of force that deprived Ms. Arnold of her rights and led to unnecessary and unjustified physical violence on the part of Defendants and slamming Ms. Arnold. Additionally, Defendants failed to take reasonable actions to provide medical treatment to Ms. Arnold as a result of her injury and provided no assistance during the approximately forty-five (45) minutes it took an ambulance to arrive on the scene and perform medical treatment.

46.     The actions of Defendants failed to afford substantive due process and procedural due process, were objectively and subjectively unreasonable, and constituted the use of excessive force, cruel and unusual punishment, and unreasonable seizure in violation of the United States Constitution and the Constitution of Arkansas as stated herein.

47.     The Defendants' conduct as issue here was accomplished through their power as law enforcement acting under the color of state law.  Defendants, Deputy Bittle and Deputy Turner, while acting under color of state law, improperly detained, arrested or otherwise took Ms. Arnold into police custody and used excessive force and cruel and unusual punishment in an attempt to do so.

48.     Sheriff Wright, the Saline County Sheriff's Office and Saline County, Arkansas and its employees and agents were authorized to create policies and procedures and were responsible for ensuring that its agents did not violate the constitutional rights of citizens. Sheriff Wright, the Saline County Sheriff's Office and Saline County, Arkansas neglected their duty as policy makers, administrators, and managers, to property train and supervise its deputy officers.

10

In fact, Deputy Turner was undergoing training at this time and during her training, certain weaknesses were observed by Deputy Turner's superiors and subsequently after this incident Deputy Turner resigned as a deputy sheriff and became employed with the Saline County Sheriff's Office in another capacity.   Additionally, Deputy Bittle has extensive training related to medical/trauma issues and decision making and failed to provide any medical assistance to Ms. Arnold despite the fact that an ambulance did not arrive for over forty-five (45) minutes.   These agents violated policies, failed to enforce policies and/or reasonable policies were non-existent to prevent foreseeable deprivation of the rights of residents, like the Plaintiff.   As a result, the behavior complained of was allowed to happen under the color of state law.   The named Defendant officers' acts, singly and in combination, constitute deliberate indifference to Plaintiff's federal and state protected rights.

49.     The policies and customs of Sheriff Wright, Saline County Sheriff's Office, Saline County, Arkansas, Deputy Turner and Deputy Bittle (and lack thereof) demonstrate a reckless, deliberate indifference to the constitutional rights of persons within the State of Arkansas, and were the proximate cause of the violations of Plaintiff's rights and the damages sustained as alleged herein.

50.     Deputy Turner and Deputy Bittle along with Sheriff Wright, the Saline County Sheriff's Office, and Saline County, Arkansas' conduct was not only unreasonable, it may fairly be said to shock the contemporary conscience.

51.     Defendants' conduct constituted intentional acts that produced constitutional injury and that were an arbitrary exercise of the powers of government, unrestrained by the established principles of private right and distributive justice.

11

52.     The actions and failures to act violated and deprived the Plaintiff of her rights and privileges secured and guaranteed by the Constitution and laws of Arkansas and the United States as defined by 42 U.S. Code § 1983 and Ark. Code Ann. §16-123-101 *et seq*.

53.     As a direct and proximate result of the actions of Defendants, the Plaintiff suffered the damages complained for in this Complaint, and the Plaintiff prays for compensation for all damages suffered, in an amount in excess of that necessary for federal court diversity jurisdiction. Additionally, Defendants' actions were malicious, willful, and wanton deprivations of Plaintiff's rights, and are therefore, sufficient to justify an award of punitive damages.

54.     Plaintiff is entitled to her costs of litigation, as well as attorneys' fees pursuant to 42 U.S. Code § 1988 and Ark. Code Ann. §16-123-101 *et seq*.

## SECTION 1983 LIABILITY FOR FAILURE TO TRAIN AND FAILURE TO SUPERVISE

55.     All of the allegations previously plead herein are re-alleged as though stated word-for-word.

56.     Sheriff Wright, the Saline County Sheriff's Office and Saline County, Arkansas had a duty to ensure that deputies were properly trained and equipped and to ensure that unqualified deputies are removed from the police force and to further supervise the deputies.   With knowledge of the risks and consequences, Sheriff Wright, the Saline County Sheriff's Office and County of Saline, Arkansas failed to take reasonable steps to assure that the public would not be harassed, injured, harmed or subjected to violations of their civil rights by deputies of the Saline County Sheriff's Office and Saline County, Arkansas.

57.     The conduct of Sheriff Wright, the Saline County Sheriff's Office and Saline County, Arkansas in disregarding their duties and responsibilities, further justify an award of

12

punitive damages to punish this conduct and to deter similar conduct in the future.

58.     Sheriff Wright, the Saline County Sheriff's Office and Saline County, Arkansas failed to property train and supervise the deputies of the Saline County Sheriff's Office and Saline County, Arkansas, including Deputy Bittle and Deputy Turner, regarding proper search and seizures, detaining persons, arrests and the use of force therein.

59.     Upon information and belief, there has been a custom of Sheriff Wright, the Saline County Sheriff's Office and Saline County, Arkansas to allow deputies to conduct improper, negligent or otherwise insufficient searches and seizures and detentions or arrests of individuals.

60.     The failure of Sheriff Wright, the Saline County Sheriff's Office and Saline County, Arkansas to properly train and supervise deputies in the conduct of searches, detaining and arrests of persons constitutes deliberate indifference to the rights of persons with whom the deputies come in contact, including, but not limited to, Plaintiff.

61.     Sheriff Wright, the Saline County Sheriff's Office and Saline County, Arkansas disregarded the known and obvious risks and consequences of failing to properly train and supervise deputies of the Saline County Sheriff's Office and Saline County, Arkansas, including Deputy Bittle and Deputy Turner.

62.     Sheriff Wright, the Saline County Sheriff's Office and Saline County, Arkansas failed to property train and supervise the deputies of the Saline County Sheriff's Office and Saline County, Arkansas, including Deputy Bittle and Deputy Turner, regarding proper use of force within the context of the Fourth and Eighth Amendments and similar provisions of the Arkansas Constitution.

13

63.    Upon information and belief, there has been a custom of Sheriff Wright, the Saline County Sheriff's Office and Saline County, Arkansas to allow deputies to improperly apply unauthorized or excessive force.

64.    The failure of Sheriff Wright, the Saline County Sheriff's Office and Saline County, Arkansas to properly train and supervise deputies related to use of force of persons constitutes deliberate indifference to the rights of persons with whom the deputies come in contact, including, but not limited to, Plaintiff.

65.    Sheriff Wright, the Saline County Sheriff's Office and Saline County, Arkansas demonstrated deliberate indifference to the known and obvious risks and consequences of failing to properly train and supervise deputies of the Saline County Sheriff's Office and Saline County, Arkansas, including Deputy Bittle and Deputy Turner, including to provide reasonable medical treatment following the injury sustained by Plaintiff and failure to provide any such medical treatment in the approximately forty-five (45) minutes it took for an ambulance to arrive.

66.    As a direct and proximate result of Defendants' conduct, Plaintiff suffered the injuries and damages stated herein.

## **NEGLIGENCE**

67.    All of the allegations previously plead herein are re-alleged as though stated word-for-word.

68.    Deputy Bittle and Deputy Turner committed acts and omissions constituting negligence, which were a proximate cause of Plaintiff's injuries and damages described herein.

69.    Specific acts and omissions committed by Deputy Bittle and Deputy Turner include, but are not limited to:

14

a) Failure to properly observe, maintain or otherwise protect Plaintiff's safety;

b) Failure to properly care for Plaintiff and provide reasonable medical treatment to Plaintiff following the injury to Plaintiff and during the approximately forty-five (45) minutes it took for an ambulance to arrive;

c) Otherwise failing to exercise due care under the circumstances.

70.    Sheriff Wright committed acts and omissions constituting negligence, which were a proximate cause of Plaintiff's injuries and damages described herein.

71.    Specific acts and omissions committed by Sheriff Wright include, but are not limited to:

a) Failure to properly train, supervise or otherwise act to ensure that deputies of the Saline County Sheriff's Office, including Deputy Bittle and Deputy Turner, were properly trained and supervised in protecting persons upon whom officers conduct searches and seizures;

b) Failure to properly train, supervise or otherwise act to ensure that deputies of the Saline County Sheriff's Office, including Deputy Bittle and Deputy Turner, were properly trained and supervised in protecting the rights of persons upon whom deputies use force;

c) Failure to properly train, supervise or otherwise act to ensure that deputies of the Saline County Sheriff's Office, including Deputy Bittle and Deputy Turner, were properly trained and supervised in observing, maintaining, or otherwise protecting the safety of persons being detained or otherwise in police custody;

d) Failure to properly train, supervise or otherwise act to ensure that deputies of the Saline

15

County Sheriff's Office, including Deputy Bittle and Deputy Turner, were properly trained and supervised under the circumstances stated herein for Plaintiff;

e) Failure to properly train, supervise or otherwise act to ensure that deputies of the Saline County Sheriff's Office, including Deputy Bittle and Deputy Turner, acted appropriately within the scope of their respective employments with the Saline County Sheriff's Office;

f) Failure to promulgate rules, regulations, guidelines, policies, or procedures reasonably necessary or sufficient to protect members of the public, including Plaintiff;

g) Failure to ensure that rules, regulations, guidelines, policies, or procedures reasonably necessary or sufficient to protect members of the public, including Plaintiff, are followed and obeyed by deputies of the Saline County Sheriff's Office;

h) Otherwise failing to exercise due care under the circumstances.

72.     The Saline County Sheriff's Office and Saline County, Arkansas committed acts and omissions constituting negligence, which were a proximate cause of Plaintiff's injuries and damages described herein.

73.     Specific acts and omissions committed by the Saline County Sheriff's Office and Saline County, Arkansas include, but are not limited to:

a) Failure to properly train, supervise or otherwise act to ensure that deputies of the Saline County Sheriff's Office, including Deputy Bittle and Deputy Turner, were properly trained and supervised in protecting the rights of persons upon whom officers conduct searches and seizures;

b) Failure to properly train, supervise or otherwise act to ensure that deputies of the Saline

16

County Sheriff's Office, including Deputy Bittle and Deputy Turner, were properly trained and supervised in protecting the rights of persons upon whom deputies use force;

c) Failure to properly train, supervise or otherwise act to ensure that deputies of the Saline County Sheriff's Office, including Deputy Bittle and Deputy Turner, were properly trained and supervised in observing, maintaining, or otherwise protecting the safety of persons being detained or otherwise in police custody;

d) Failure to properly train, supervise or otherwise act to ensure that deputies of the Saline County Sheriff's Office, including Deputy Bittle and Deputy Turner, were properly trained and supervised under the circumstances stated herein for Plaintiff;

e) Failure to properly train, supervise or otherwise act to ensure that deputies of the Saline County Sheriff's Office, including Deputy Bittle and Deputy Turner, acted appropriately within the scope of their respective employments with the Saline County Sheriff's Office;

f) Failure to promulgate rules, regulations, guidelines, policies, or procedures reasonably necessary or sufficient to protect members of the public, including Plaintiff;

g) Failure to ensure that rules, regulations, guidelines, policies, or procedures reasonably necessary or sufficient to protect members of the public, including Plaintiff, are followed and obeyed by deputies of the Saline County Sheriff's Office;

h) Otherwise failing to exercise due care under the circumstances.

74.    As a direct and proximate result of the conduct of all Defendants, Plaintiff suffered the injuries and damages described herein.

17

75.     The conduct of each of the Defendants was such that each knew or should have known that their conduct would naturally and probably lead to injury or harm, and they continued that conduct in conscious and reckless disregard of the consequences, from which malice can be inferred.

76.     At all times relevant herein, Defendants, Deputy Bittle, Deputy Turner and Sheriff Wright, were agents, servants or employees of the Saline County Sheriff's Office and Saline County, Arkansas and all operated under color of state law within the scope of their employment, service or agency.  Any conduct on the part of Defendants, Deputy Bittle, Deputy Turner and Sheriff Wright is imputed by law to the Saline County Sheriff's Office and to the County of Saline County, Arkansas, under the doctrines of vicarious liability and respondeat superior.

## CIVIL ACTION BY A CRIME VICTIM

77.     All of the allegations previously plead herein are re-alleged as though stated word-for-word.

78.     Any person injured or damaged by reason of conduct of another person that would constitute a felony under Arkansas law may file a civil action to recover damages based on the conduct.

79.     Deputy Turner's action of slamming Ms. Arnold to the ground and the injury Ms. Arnold sustained would constitute a felony under Arkansas law.

80.     As a direct and proximate result of the actions of Defendants, the Plaintiff suffered the damages complained for in her Complaint, and the Plaintiff prays for compensation for all damages suffered, in an amount in excess of that necessary for federal diversity jurisdiction.

81.     Ms. Arnold is entitled to costs and attorneys' fees pursuant to Ark. Code Ann. §16-118-107.

## DEMAND FOR JURY TRIAL

82.     Plaintiff hereby demands a trial by jury.

## DEMAND AND PRAYER

83.     Plaintiff seeks judgment in her favor as follows:

a)  For compensatory, consequential, and incidental damages complained herein, in an amount in excess of the minimum amount for federal court diversity jurisdiction and in an amount adequate to compensate Plaintiff for her injuries, including medical incurred and to be incurred in the future, and damages sustained;

b)  For all general and special damages caused by the conduct of Defendants;

c)  For compensation for pain and suffering and mental anguish and to be continued to be experienced by Plaintiff as a result of her injuries;

d)  An award of punitive damages to be proven at trial;

e)  For costs of litigating this case, including attorneys' fess and costs pursuant to 42 U.S.C. §1988, Ark. Code Ann. §16-123-105 and Ark. Code Ann. §16-118-107;

f)  The Plaintiff demands a judgment against the Defendant for pre-judgment interest and post judgment interest at the maximum rate allowed by law

g)  All other equitable, legal and just relief to which Plaintiff is entitled.

WHEREFORE, Plaintiff prays that her Complaint be granted for each cause of action provided herein, for judgment against Defendants provided herein and for all other just and proper relief to which Plaintiff is entitled.

## **VERIFICATION**

STATE OF ARKANSAS          }
                           }
COUNTY OF PULASKI          }

COMES NOW the affiant, Nellie Arnold, as the Plaintiff in the above-entitled action, and, after being duly sworn, states under oath:

1. That she has read the above and foregoing Complaint;
2. That, regarding the allegations of which the affiant has personal knowledge, the affiant believes them to be true; and
3. That, regarding the allegations of which the affiant does not have personal knowledge, the affiant believes them to be true based on information, documents, or both.

FURTHER, affiant sayeth not.

_NELLIE ARNOLD_

SUBSCRIBED AND SWORN to before me, a Notary Public this _11th_ day of _May_, 2020.

Notary Public

My Commission Expires:
_8/23/2029_

ENA GOODBAR
COMM. EXP.
8-23-2029
★ No. 12372816 ★
PULASKI
COUNTY
NOTARY PUBLIC - ARKANSAS

20

Respectfully submitted,

**HOPE, TRICE, O'DWYER & WILSON**, P.A.
211 Spring St.
Little Rock, AR 72201
Telephone: (501) 372-4144
Facsimile: (501)372-7480

By: _____
    Ronald A. Hope, ABA#81092
    Email: rhope@htolaw.com

    Ralph "Win" Wilson, III, ABA#2007279
    Email: wwilson@htolaw.com
    Attorneys for Plaintiff