IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**NELLIE ARNOLD**                                                            **PLAINTIFF**

VS.                    NO.    4:20-CV-729-DPM

**DEPUTY MARANDA TURNER, Individually and
in her Official Capacity; DEPUTY BRENT BITTLE,
Individually and in his Official Capacity; SALINE COUNTY
SHERIFF'S OFFICE; SHERIFF RODNEY WRIGHT,
Individually and in his Official Capacity; and
SALINE COUNTY, ARKANSAS**                             **DEFENDANTS**

## ANSWER

Come now the Saline County Defendants—Deputy Maranda Turner, Corporal Brent Bittle, and Sheriff Rodney Wright, individually and in their official capacities, the Saline County Sheriff's Office, and Saline County, Arkansas—and for their Answer to the Complaint filed by Plaintiff Nellie Arnold (Doc. 1), state as follows:

1. The Saline County Defendants admit that Plaintiff brings the Complaint under the laws set forth in paragraph 1 of the Complaint. Defendants deny that Plaintiff is entitled to relief against them, and deny any allegations not specifically admitted in this Answer.

2. Defendants admit that jurisdiction and venue are proper.

3. Defendants admit that jurisdiction and venue are proper.

4. Defendants admit the allegations in paragraph 4 of the Complaint.

5. Defendants admit that Defendant Turner was employed as a Deputy Sheriff for the Saline County Sheriff's Office on July 3, 2017. Defendants deny any allegations in paragraph 5 of the Complaint not specifically admitted herein.

6. Defendants admit that Defendant Bittle was employed as a Corporal for the Saline County Sheriff's Office on July 3, 2017. Defendants deny any allegations in paragraph 6 of the

Complaint not specifically admitted herein.

7. Defendants admit that the Saline County Sheriff's Office is a department of Saline County, Arkansas. Defendants deny any allegations in paragraph 7 of the Complaint not admitted herein. Pleading affirmatively, the Saline County Sheriff's Office is not a proper Defendant.

8. Defendants admit that Defendant Rodney Wright was the duly elected and serving Sheriff of Saline County, Arkansas on July 3, 2017. Defendants deny any allegations in paragraph 8 of the Complaint not specifically admitted herein.

9. Defendants admit that Defendant Saline County, Arkansas is a governmental entity organized and acting under the laws of the State of Arkansas. Defendants deny the remaining allegations in paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint contains no allegations that require a response.

11. Defendants deny the allegations in paragraph 11 of the Complaint.

12. Defendants admit that Plaintiff brings this action under the U.S. Constitution and the Arkansas Constitution. Defendants deny the remaining allegations in paragraph 12 of the Complaint, and deny that Plaintiff is entitled to relief against them.

13. Paragraph 13 of the Complaint contains no allegations that require a response.

14. Defendants admit that on July 3, 2017, Deputy Turner and Corporal Brittle responded to multiple calls at 13804 Royal Oaks Drive, Mabelvale, Arkansas, and that Deputy Turner and Corporal Brittle interacted with Plaintiff and Lowell Best in those dispatches to Royal Oaks Drive. Pleading affirmatively, during Deputy Turner's and Corporal Bittle's second-to-last dispatch to 13804 Royal Oaks Drive on July 3, 2017, Deputy Turner provided a verbal warning to Plaintiff and Mr. Best, advising them both that if Deputy Turner and Corporal Bittle had to return

to the address yet again the same day, both Plaintiff and Mr. Best would be arrested. Defendants deny the remaining allegations in paragraph 14 of the Complaint.

15.     Defendants admit that on July 3, 2017, at the final domestic disturbance call from and dispatch to 13804 Royal Oaks Drive: Corporal Bittle advised Deputy Turner to take Plaintiff into custody; Deputy Turner gave several instructions to Plaintiff but Plaintiff refused to do as instructed and refused to submit to arrest; Corporal Bittle also gave instructions to Plaintiff but Plaintiff also refused Bittle's instructions; Deputy Turner placed Plaintiff's right wrist into a handcuff—when Deputy Turner reached for Plaintiff's left hand, Plaintiff resisted, Plaintiff lost her balance due to her resistance, and Plaintiff fell to the ground on her left side, fracturing her wrist during the fall; when Plaintiff alerted Deputy Turner and Corporal Bittle that she injured her wrist during the fall, Corporal Bittle immediately requested medical assistance from dispatch and the handcuff was removed from Plaintiff's right wrist; Shannon Hills Police Department officers arrived and began to conduct first aid on Plaintiff; MedTran (ambulance) and the Northeast Fire Department arrived next and continued Plaintiff's medical care; and Plaintiff was treated at Saline County Memorial Hospital and UAMS for her wrist injury on July 3, 2017. Defendants deny that any Defendant used excessive force against Plaintiff. Defendants deny that any Defendant denied or delayed, or was deliberately indifferent about, Plaintiff's medical care. Defendants deny that any Defendant violated Plaintiff's federal or state constitutional rights.

16.     Except as admitted above, Defendants deny the allegations in Complaint ¶ 16.

17.     Except as admitted above, Defendants deny the allegations in Complaint ¶ 17.

18.     Except as admitted above, Defendants deny the allegations in Complaint ¶ 18.

19.     Except as admitted above, Defendants deny the allegations in Complaint ¶ 19. Defendants deny that Deputy Turner slammed Plaintiff to the ground at any time.

20. Except as admitted above, Defendants deny the allegations in Complaint ¶ 20.

21. Except as admitted above, Defendants deny the allegations in Complaint ¶ 21.

22. Except as admitted above, Defendants deny the allegations in Complaint ¶ 22.

23. Except as admitted above, Defendants deny the allegations in Complaint ¶ 23. Defendants lack knowledge regarding Plaintiff's course of medical treatment after July 3, 2017, and therefore deny the allegations related to Plaintiff's medical care after July 3, 2017.

24. Except as admitted above, Defendants deny the allegations in Complaint ¶ 24.

25. Defendants admit that Deputy Turner no longer works as a deputy with the Saline County Sheriff's Office.  Except as admitted above, Defendants deny the allegations in Complaint ¶ 25.

26. Defendants admit that Corporal Bittle has received extensive training as a sheriff's deputy.  Except as admitted above, Defendants deny the allegations in Complaint ¶ 26. Defendants deny that Corporal Bittle delayed or denied medical care to Plaintiff.

27. Defendants admit that Sheriff Wright is the duly-elected and serving Sheriff of Saline County, Arkansas, and that he has policymaking authority for his department.  Except as admitted above, Defendants deny the allegations in Complaint ¶ 27.  Defendants deny that Sheriff Wright failed to implement and enforce proper policies, and deny that Sheriff Wright failed to provide adequate training and supervision of his employees.

28. Defendants admit that 42 U.S.C. § 1988 speaks for itself.

29. Paragraph 29 of the Complaint contains no allegations that warrant a response. Defendants deny that Plaintiff is entitled to relief under the First, Fourth, Fifth, or Fourteenth Amendments to the United States Constitution, Article 2 of the Arkansas Constitution, or the Arkansas Civil Rights Act.

30-42. Defendants admit that the federal and state constitutional provisions and laws cited in paragraphs 30 through 42 of the Complaint speak for themselves. Defendants deny any allegations in paragraphs 30 through 42 of the Complaint not specifically admitted herein.

43. Paragraph 43 of the Complaint states a legal conclusion that does not warrant a response. Defendants deny any factual allegations in paragraph 43.

44. Paragraph 44 of the Complaint states a legal conclusion that does not warrant a response. Defendants deny any factual allegations in paragraph 44.

45. Defendants deny the allegations in paragraph 45 of the Complaint.

46. Defendants deny the allegations in paragraph 46 of the Complaint.

47. Defendants deny the allegations in paragraph 47 of the Complaint.

48. Except as admitted above, Defendants deny the allegations in Complaint ¶ 48.

49. Defendants deny the allegations in paragraph 49 of the Complaint.

50. Defendants deny the allegations in paragraph 50 of the Complaint.

51. Defendants deny the allegations in paragraph 51 of the Complaint.

52. Defendants deny the allegations in paragraph 52 of the Complaint.

53. Defendants deny the allegations in paragraph 53 of the Complaint.

54. Defendants admit that 42 U.S.C. § 1988 and Ark. Code Ann. § 16-123-101 et sq. speak for themselves. Defendants deny that Plaintiff is entitled to relief.

55. Paragraph 55 of the Complaint contains no allegations that warrant a response. Defendants deny that any Defendants is liable under Section 1983 for failure to train or failure to supervise.

56. Defendants deny the allegations in paragraph 56 of the Complaint.

57. Defendants deny the allegations in paragraph 57 of the Complaint.

58. Defendants deny the allegations in paragraph 58 of the Complaint.

59. Defendants deny the allegations in paragraph 59 of the Complaint.

60. Defendants deny the allegations in paragraph 60 of the Complaint.

61. Defendants deny the allegations in paragraph 61 of the Complaint.

62. Defendants deny the allegations in paragraph 62 of the Complaint.

63. Defendants deny the allegations in paragraph 63 of the Complaint.

64. Defendants deny the allegations in paragraph 64 of the Complaint.

65. Defendants deny the allegations in paragraph 65 of the Complaint.

66. Defendants deny the allegations in paragraph 66 of the Complaint.

67. Paragraph 67 of the Complaint contains no allegations that warrant a response. Defendants deny that any Defendants is liable for negligence. Pleading affirmatively, Defendants are immune from negligence claims under Arkansas law and negligence is not cognizable under 42 U.S.C. § 1983. The negligence claim should be dismissed.

68. Defendants deny the allegations in paragraph 68 of the Complaint.

69. Defendants deny the allegations in paragraph 68 of the Complaint, including the allegations in subparagraphs 68(a) through 68(c).

70. Defendants deny the allegations in paragraph 70 of the Complaint.

71. Defendants deny the allegations in paragraph 71 of the Complaint, including the allegations in subparagraphs 71(a) through 71(h).

72. Defendants deny the allegations in paragraph 72 of the Complaint.

73. Defendants deny the allegations in paragraph 73 of the Complaint, including the allegations in subparagraphs 73(a) through 73(h).

74. Defendants deny the allegations in paragraph 74 of the Complaint.

75. Defendants deny the allegations in paragraph 75 of the Complaint.

76. Defendants admit that Sheriff Wright, Corporal Bittle, and Deputy Turner were employees of Saline County, Arkansas on July 3, 2017. Defendants deny the remaining allegations in paragraph 76 of the Complaint. Pleading affirmatively, the "doctrines of vicarious liability and respondeat superior" do not apply to claims under 42 U.S.C. § 1983 or claims under the Arkansas Civil Rights Act.

77. Paragraph 77 of the Complaint contains no allegations that warrant a response. Defendants deny that Plaintiff is entitled to recover against any Defendant under a civil action by crime victim theory.

78. Defendants admit that Arkansas law speaks for itself. Defendants deny any allegations in paragraph 78 of the Complaint.

79. Defendants deny the allegations in paragraph 79 of the Complaint.

80. Defendants deny the allegations in paragraph 80 of the Complaint.

81. Defendants admit that Arkansas law speaks for itself. Defendants deny that Plaintiff is entitled to recover attorneys' fees under Arkansas law.

82. Defendants acknowledge Plaintiff's demand for a jury trial.

83. Defendants deny that Plaintiff is entitled to judgment in her favor, and deny that Plaintiff is entitled to the relief requested in paragraph 83 of the Complaint, including subparagraphs 83(a) through 83(g).

84. Defendants deny that Plaintiff is entitled to the relief requested in the Wherefore clause of Plaintiff's Complaint.

85. Defendants deny each and every allegation of Plaintiff's Complaint not specifically and expressly admitted in this Answer.

86. Defendants assert and reserve the right to file an amended answer or other responsive pleading(s) and/or to assert additional affirmative and other defenses after they have had a chance to investigate the claims and allegations in Plaintiff's Complaint.

87. Defendants respectfully join Plaintiff's demand for trial by jury on all genuine issues of material fact.

## Affirmative Defenses

88. The Complaint fails to state a claim for which relief can be granted.

89. Defendants Wright, Bittle, and Turner, in their individual capacities, are entitled to qualified immunity from suit and damages.

90. No Defendant has violated any of Plaintiff's statutory or constitutional rights under state law, the Arkansas Constitution, federal law, or the United States Constitution.

91. No Defendant owed any duty arising by operation of law to Plaintiff, the breach of which proximately caused damages to Plaintiff.

92. Saline County and its employees, including Defendants Wright, Bittle, and Turner, are immune from negligence claims under Arkansas law. *See* Ark. Code Ann. § 21-9-301. Negligence cannot form the basis of a 42 U.S.C. § 1983 claim as a matter of law.

93. Plaintiff failed to mitigate her damages.

94. Any injuries and any damages sustained by Plaintiff were proximately caused by Plaintiff's own acts and omissions, and/or the acts and omissions of others for whom Defendants have no responsibility or legal liability.

95. Plaintiff's damages, if any, were the result of one or more intervening causes.

96. Defendants avail themselves of any and all applicable statutes of limitations.

97. The claim for punitive damages is barred against Defendants in their official

capacities.

98.     The claim for punitive damages against Defendants in their individual capacities is barred because no Defendant engaged in conduct with evil motive or intent or with reckless or callous indifference to Plaintiff's rights.

99.     Claims for punitive damages are unconstitutional and should be dismissed for each of three reasons:  (a) There is no definitive standard for setting the amount of punitive damages and, therefore, an award of punitive damages without requiring Plaintiff to prove every element beyond a reasonable doubt or, in the alternative, by clear and convincing evidence, violates Defendants' due-process rights under the U.S. Constitution, including the Fourteenth Amendment. Absent a high standard of proof, an award of punitive damages constitutes a taking without due process; (b) An award of punitive damages violates Defendants' due-process and equal-protection rights guaranteed by the U.S. Constitution, including the Fourteenth Amendment, and the double-jeopardy clause of the U.S. Constitution, as incorporated into the Fourteenth Amendment, in that a jury: (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a punitive damages award; (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages in whole or in part, on the basis of discriminatory characteristics of a defendant; (4) is permitted to award punitive damages under a vague and arbitrary standard that does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not subject to judicial review on the basis of objective standards; and (6) is not required to consider the character and degree of the alleged wrong because there is no standard of comparison for imposition of punitive damages; and (c) An award of punitive damages under a process which fails to bifurcate the issue of punitive damages from the

remaining issues violates Defendants' due-process rights guaranteed by the U.S. Constitution, including the Fourteenth Amendment.

  100. Plaintiff's claims may be barred by any or all of the affirmative defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure. The extent to which Plaintiff's claims may be barred by one or more affirmative defenses set forth in Rule 8(c) cannot be determined until the parties have an opportunity to complete discovery.

  WHEREFORE, the Saline County Defendants pray that the Complaint is dismissed, and pray for any and all other just and proper relief to which they are entitled.

           Respectfully submitted,

           SALINE COUNTY, ARKANSAS; SALINE COUNTY SHERIFF'S OFFICE; SHERIFF RODNEY WRIGHT, in his Individual and Official Capacities; MARANDA TURNER, in her Individual and Official Capacities; and BRENT BITTLE, in his Individual and Official Capacities, *Defendants*.

    By: Colin R. Jorgensen, Ark. Bar No. 2004178
      Association of Arkansas Counties Risk Mgt. Services
      1415 W. Third Street
      Little Rock, Arkansas 72201
      Telephone (501) 372-7947
      Telefax (501) 372-0611
      email: CJorgensen@ARCounties.org

### Certificate of Service

  I hereby certify that on July 1, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will provide notification of the filing to CM/ECF participants.

           /s/ Colin R. Jorgensen