IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**NELLIE ARNOLD**                                                                                      **PLAINTIFF**

VS.                            NO.   4:20-CV-729-DPM

**DEPUTY MARANDA TURNER, Individually and
in her Official Capacity; DEPUTY BRENT BITTLE,
Individually and in his Official Capacity; SALINE COUNTY
SHERIFF'S OFFICE; SHERIFF RODNEY WRIGHT,
Individually and in his Official Capacity; and
SALINE COUNTY, ARKANSAS**                                              **DEFENDANTS**

## Saline County Defendants' Statement of Facts

Come now the Saline County Defendants—Deputy Maranda Turner, Corporal Brent Bittle, and Sheriff Rodney Wright, individually and in their official capacities, the Saline County Sheriff's Office, and Saline County, Arkansas—and offer the following *Statement of Facts* in support of their summary-judgment motion under Fed. R. Civ. P. 56 and Local Rules 7.2 and 56.1.

1. Defendant Saline County has provided Responses to Interrogatories propounded to Defendant Saline County Sheriff's Office—the discovery responses are signed by Saline County Sheriff Rodney Wright. *See* Exhibit A.

2. In discovery in this case, Ms. Arnold has been provided with Saline County Sheriff's Office Incident Report – Case Number 2017-2539. *See* Exhibit A at 5 (Answer to Interrogatory No. 6). The incident report is Exhibit B to the instant motion.

3. In discovery in this case, Ms. Arnold has been provided with Saline County 911 CFS History Search/Basic Report (13804 Royal Oaks Drive, Saline County) for March 5, 2017 through January 5, 2018. *See* Exhibit A at 5 (Answer to Interrogatory No. 6). The dispatch report is Exhibit C to the instant motion.

4. Exhibit D to the instant motion is Northeast Saline County Fire Department

1

Medical/Rescue Report No. 2017-0299, along with an authenticating affidavit.

5. Exhibit E to the instant motion is excerpts of the transcript of the deposition of Plaintiff Nellie Arnold.

6. On July 3, 2017, Plaintiff Nellie Arnold resided at 13804 Royal Oaks Drive in Saline County. Lowell Best resided at the same address.

7. The Saline County Sheriff's Office was dispatched to Ms. Arnold's residence several times on July 3, 2017, including a dispatch for a disturbance reported in a call by Ms. Arnold at 2:26 p.m., a dispatch for a disturbance reported in a call by Mr. Best at 5:56 p.m., and a dispatch for a disturbance reported in a call by Mr. Best at 6:18 p.m. *See* Exhibit C at 1 & 2.

8. Corporal Bittle and Deputy Turner were dispatched to Ms. Arnold's residence in response to the disturbance calls at 5:56 p.m. and 6:18 p.m. on July 3, 2017. *See* Exhibit B at 1-2 & 4; Exhibit C at 1 & 2.

9. Deputy Turner wrote in her incident report that on July 3, 2017, at approximately 5:56 p.m., Turner and Bittle responded to a call at 13804 Royal Oaks Drive in reference to a disturbance. Exhibit B at 1. Upon arrival, they contacted Lowell Best, who asked if it is illegal to have mace spray, because Ms. Arnold had mace spray and was threatening Best with the mace spray. *Id*. Turner and Bittle advised Mr. Best that mace spray is not illegal. *Id*.

10. Turner wrote in her incident report that while Turner and Bittle were talking to Mr. Best, Ms. Arnold "walked outside the residence with what appeared to be red lipstick smeared all over her face," and "screamed at both deputies and advised she was not crazy," and "also advised deputies that she could tell the future." Exhibit B at 2. Ms. Arnold advised Turner and Bittle that the substance on her face was her "war paint" because she was about to kick Mr. Lowell Best's ass. *Id*. Ms. Arnold stated that she wanted Mr. Best removed from the residence because he

called her a bitch. *Id*. Turner and Bittle advised Ms. Arnold regarding the eviction notice process because Mr. Best resided at the residence. *Id*. Ms. Arnold started screaming at deputies again, and told Mr. Best she was going to put him in a pine box. *Id*. Ms. Arnold stated that if Turner and Bittle did not make Mr. Best leave the residence, she would take care of the problem herself. *Id*. "At that time, due to the known mental state of mind of Ms. Arnold, deputies decided to give both parties (Mr. Best and Ms. Arnold) a verbal warning. Both parties were advised that if deputies had to be dispatched to the address one more time (seventh time on July 3, 2017), both parties would be taken into custody." *Id*.

11. Turner wrote in her incident report that on July 3, 2017, at approximately 6:18 p.m., Turner and Bittle responded to another call at 13804 Royal Oaks Drive in reference to a disturbance. Exhibit B at 2. When they pulled up to the residence, Ms. Arnold was outside the residence at the trunk of her car, and Bittle advised Turner to put Ms. Arnold in handcuffs and place her into the back of the patrol car. *Id*. Turner walked up to Ms. Arnold and advised her to put her hands behind her back, but Ms. Arnold just stared at her. *Id*. Turner again asked Ms. Arnold to put her hands behind her back, and Ms. Arnold stated, "No, I will put my hands behind my back when I am ready to." *Id*. Ms. Arnold then put her hand into her left pocket, and Turner advised Ms. Arnold to remove her hand from her pocket. *Id*. Ms. Arnold stated that she was getting her keys to lock her car, but Turner observed Ms. Arnold holding her keys in her right hand. *Id*. Turner then removed Ms. Arnold's left hand from her pocket. *Id*. Turner then told Ms. Arnold again to turn around and place her hands behind her back—but Ms. Arnold still refused. *Id*. Turner then got behind Ms. Arnold and was able to get her right hand behind her back. *Id*. While Turner was placing Ms. Arnold's right hand into handcuffs, Ms. Arnold "started to resist more, and consistently tried to reach into her left pocket." *Id*. Turner was unsure if the

3

mace spray that Ms. Arnold had earlier was in her pocket. *Id*. Turner pulled on Ms. Arnold's right hand, which was in the handcuff, to try to get to her left hand, which was reaching into her pocket. *Id*. Ms. Arnold lost her balance and fell to the ground on her left side. *Id*. Ms. Arnold tried to catch herself while falling and suffered a compound fracture to her left wrist. *Id*. Turner released the handcuff from Ms. Arnold's right wrist, and Bittle advised dispatch to send medical. *Id*. Once medical arrived, they stabilized Ms. Arnold's arm, and transported her by ambulance to a hospital. *Id*. Mr. Best was placed under arrest for disorderly conduct and transported to jail. *Id*. Turner wrote that a warrant would be sought for Ms. Arnold, for disorderly conduct, resisting arrest, and terroristic threatening. *Id*.

12. Corporal Bittle wrote in his incident report that he and Turner were dispatched to a call at 13804 Royal Oaks Drive in reference to a disturbance. Exhibit B at 4. Upon their arrival, Ms. Arnold was standing outside and Bittle advised Turner to place Ms. Arnold into custody while Bittle went inside to place Mr. Lowell Best into custody. *Id*. Before Bittle made it into the residence, Ms. Arnold began to actively resist Turner. *Id*. Turner began giving commands to Ms. Arnold, but Ms. Arnold would not comply. *Id*. Turner was able to get one hand cuffed, but then Ms. Arnold "tried to break free from Deputy Turner, causing herself to fall to the ground." *Id*. Ms. Arnold then began to complain that her arm was broken, which Bittle confirmed, and Bittle "immediately contacted Central Dispatch, to send medical assistance." *Id*. Shannon Hills PD arrived on the scene, and had a trauma bag, which they used to begin conducting first aid to Ms. Arnold. *Id*. Northeast Fire Department and MedTran (ambulance) arrived on the scene and took over Ms. Arnold's care. *Id*.

13. According to the Northeast Saline County Fire Department Medical/Rescue Report No. 2017-0299, the NEFD was dispatched to provide medical assistance at 13804 Royal Oaks

4

Drive at 6:28 p.m. on July 3, 2017 (10 minutes after Turner and Bittle were dispatched to the residence).  Exhibit D at 2.  The NEFD arrived at the scene at 6:38 p.m., and worked the scene until 7:05 p.m.  *Id*.  Three NEFD firefighters were dispatched to the scene.  *Id*.  Upon arrival of the three firefighters at 6:38 p.m., Shannon Hills Police were already on scene and treating Ms. Arnold by controlling her bleeding and placing a splint.  *Id*.  The NEFD firefighters assisted with splinting Ms. Arnold's arm and placing her on a backboard.  *Id*.  Ms. Arnold was then transported to the hospital by MedTran.  *Id*.

14. Ms. Arnold filed her lawsuit because according to Ms. Arnold, she "was pushed down unnecessarily by a Saline County officer."  Exhibit E at 17.  Ms. Arnold did not file the lawsuit for any other reason.  *Id*.  Ms. Arnold names Maranda Turner as a defendant "[b]ecause she's the one done it."  *Id*. at 19.  Ms. Arnold names Brent Bittle as a defendant because "[h]e's the one who told her to arrest me."  *Id*.  Ms. Arnold names Saline County and the Saline County Sheriff's Office as defendants because "they are the boss of these officers . . . so they would be telling them what to do."  *Id*. at 20.  She names Sheriff Rodney Wright because "[h]e's the main man there . . . he's over them and they should be taught not to do what they did."  *Id*.

15. Ms. Arnold does not recall how many times officers were dispatched to her residence on July 3, 2017.  According to Ms. Arnold, both she and Lowell Best called to summon officers to the residence, but she does not recall who made the call each time.  Exhibit E at 22-24.

16. Ms. Arnold had a can of mace spray on July 3, 2017.  Exhibit E at 27.

17. Both Ms. Arnold and Mr. Best received warnings from officers dispatched to the residence on July 3, 2017—prior to the final time officers were dispatched to the residence.  Exhibit E at 28-31.

5

18. According to Ms. Arnold, she slapped Mr. Best in the face, and he slapped her in the face, on July 3, 2017. Exhibit E at 32-33.

19. According to Ms. Arnold, Defendant Turner asked her to put her hands behind her back and Ms. Arnold's response was "I will just a minute." Exhibit E at 35.

20. Ms. Arnold does not recall whether any officers or firefighters provided her medical care between the time she was injured and the time she was taken away in an ambulance on July 3, 2017, "but they could have." Exhibit E at 38.

21. Ms. Arnold did not pursue criminal charges against Maranda Turner for the incident on July 3, 2017. Exhibit E at 43.

22. In discovery in this case, Ms. Arnold has been provided with the Saline County Sheriff's Office Policy Manual, the Saline County Sheriff's Office Personnel File of Defendant Maranda Turner, and the Saline County Sheriff's Office Personnel File of Defendant Brent Bittle. *See* Exhibit A at 5 (Answer to Interrogatory No. 6).

23. Defendants Turner and Bittle completed all training and experience requirements for patrol deputies prior to the date of the incident, as shown in their training and certification records. *See* Exhibit A at 6-7 (Answer to Interrogatory No. 8).

24. The patrol vehicle that Defendants Bittle and Turner drove to the residence on the date of the incident was equipped with a dash-camera, as were most if not all patrol vehicles. *See* Exhibit A at 7-8 (Answer to Interrogatory No. 10). The dash-camera was not activated because Defendants Bittle and Turner were not dispatched to the residence with a code that required them to activate their emergency lights, which would have activated the dash-camera. *Id*.

25. Defendants Bittle and Turner did not have body cameras on the date of the incident—the Saline County Sheriff's Office did not have body cameras for patrol deputies at the

time. *See* Exhibit A at 8 (Answer to Interrogatory Nos. 12 & 13).

26. As a matter of policy and custom, the Saline County Sheriff's Office investigates complaints of abuse of authority, excessive force, and/or failure to provide medical care by deputies, and takes appropriate disciplinary action when a deputy is found to have violated policy regarding these or other matters. *See* Exhibit A at 9 (Answer to Interrogatory No. 14).

           Respectfully submitted,

           SALINE COUNTY, ARKANSAS; SALINE COUNTY SHERIFF'S OFFICE; SHERIFF RODNEY WRIGHT, in his Individual and Official Capacities; MARANDA TURNER, in her Individual and Official Capacities; and BRENT BITTLE, in his Individual and Official Capacities, *Defendants*.

By: Colin R. Jorgensen, Ark. Bar No. 2004178
   Association of Arkansas Counties
   1415 W. Third Street
   Little Rock, Arkansas 72201
   Telephone (501) 372-7947
   Telefax (501) 372-0611
   email: CJorgensen@ARCounties.org

## Certificate of Service

I hereby certify that on April 4, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will provide notification of the filing to CM/ECF participants.

          /s/ Colin R. Jorgensen