IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**NELLIE ARNOLD**                                                                                                **PLAINTIFF**

**VS.**                        **NO.   4:20-CV-729-DPM**

**DEPUTY MARANDA TURNER, Individually and
in her Official Capacity; DEPUTY BRENT BITTLE,
Individually and in his Official Capacity;
SHERIFF RODNEY WRIGHT, Individually and
in his Official Capacity; and SALINE COUNTY,
ARKANSAS**                                                                                            **DEFENDANTS**

## SALINE COUNTY DEFENDANTS' RESPONSES TO FIRST SET OF INTERROGATORIES PROPOUNDED TO SALINE COUNTY SHERIFF'S OFFICE

The Saline County Sheriff's Office provides the following Answers to *Plaintiff's Interrogatories Propounded to Defendant, Saline County Sheriff's Office*:

The Saline County Sheriff's Office generally objects to discovery against it as the Sheriff's Office is not a proper party defendant in this action.   However, because Saline County Defendants Maranda Turner, Brent Bittle, and Rodney Wright are sued in both their individual and official capacities, and an official-capacity claim against a county official is a claim against the county itself, Saline County provides the following responses to the discovery propounded to the Saline County Sheriff's Office.

INTERROGATORY NO. 1:   Please identify each person who answers any of the following interrogatories, and for such person, state:

(a) Name, address and telephone number;

(b) By whom employed:

(c) The basis of the authority to answer;

(d) The specific interrogatory(ies), by number and subpart, that named person or persons are answering.

1

**Saline County Defendants' MSJ Exhibit A**

ANSWER: Colin Jorgensen, undersigned counsel, and Jay Fitzpatrick, Saline County Sheriff Chief Deputy, assisted with all responses. Ron Parsons and Joseph Traylor—Saline County employees—assisted with gathering documents referenced in the responses.

INTERROGATORY NO. 2: Please state whether you had an insurance policy or policies in effect at the time of the incident which is the subject of this lawsuit that would pay any judgment rendered against you, and if so, state the name and address of each insurance company and limits of liability of each such policy, and the amount of the limits of such policy in effect for coverage of this incident that remain to date.

ANSWER: Saline County does not have insurance, but is a participant in the Association of Arkansas Counties Risk Management Fund ("AACRMF"), which provides coverage for certain constitutional or civil rights violations. With their disclosures, the Saline County Defendants have provided a copy of the AACRMF General Liability Protection Agreement Protection Summary for Saline County, effective January 1, 2020 through January 1, 2021, and a copy of the AACRMF General Liability Protection Agreement—applicable to Saline County January 1, 2020 through January 1, 2021.

INTERROGATORY NO. 3: Please state the name, address, telephone number and the name and address of the employer of all persons who will be called as lay witnesses in this matter.

ANSWER: Saline County Defendants Deputy Maranda Turner and Corporal Brent Bittle have personal knowledge of the incident that is the subject of the complaint. Sheriff Rodney Wright and Chief Deputy Jay Fitzpatrick have knowledge of the policies and customs of the Saline County Sheriff's Office. These witnesses may be contacted through counsel for the Saline County Defendants. Additionally, the Saline County Defendants identify witnesses disclosed by Plaintiff, and witnesses identified in relevant records exchanged by the parties.

**Saline County Defendants' MSJ Exhibit A**

INTERROGATORY NO. 4: Do you, your attorney, or agents have statements from any witness or yourself regarding this incident? If so, please state:

(a) The name, address, and telephone number of each such witness;

(b) The name and address of the employer of each such witness;

(c) The date of said statement;

(d) By whom the statement was taken; and

(e) Whether such statement was written or oral.

ANSWER: Saline County is not in possession of or aware of any witness statements regarding the incident beyond those already disclosed by the parties. In their disclosures, the Saline County Defendants provided copies of: (1) Saline County Sheriff's Office Incident Report – Case Number 2017-2539; and (2) Saline County 911 CFS History Search/Basic Report (13804 Royal Oaks Drive, Saline County) for March 5, 2017 through January 5, 2018.

INTERROGATORY NO. 5: Identify each person whom you have consulted, will consult, or intend to call as an expert witness, whether being called [sic] testify or not, and for each such witness, supply the following information:

(a) The subject matter of his expected testimony at trial;

(b) The substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion;

(c) His occupation or profession;

(d) His job title or position and the name of his employer;

(e) His educational background, including the names of all institutions attended, the dates of attendance, and the degree, if any received;

(f) The titles and dates of publication of any article or book which the witness has written;

3

**Saline County Defendants' MSJ Exhibit A**

(g) His specialty, if any, within his profession;

(h) His business background, including the names of all past employers, the position held, and the dates of each such employment;

(i) The names of any professional association or societies of which the witness was retained and testified as an expert witness including:

(j) The identity of each prior action in which each such witness was retained and testified as an expert witness including:

    a. The case caption, docket number and name of the court or agency involved;

    b. The name of the party on whose behalf such testimony was given;

    c. The dates of such testimony;

    d. A description of the nature of the proceeding in which such testimony was given;

(k) State whether such witness has been excluded from testifying at any previous trial of any action and, if so, the reason for such exclusion;

(l) State whether such witness's professional capacity or qualification has ever been investigated by any official body, professional society, education institution, or other entity;

(m) If the answer to (l) above is in the affirmative, state:

    a. The date of each inquiry;

    b. The name of the person or entity making such inquiry;

    c. The substance of such inquiry;

    d. The outcome of such inquiry; and

    e. The identity of each person having knowledge of such inquiry.

(n) Identify each document which each such expert witness has received from you or

**Saline County Defendants' MSJ Exhibit A**

your counsel; and

(o) Identify all documents that will be utilized by each such expert witness in the preparation of his testimony.

ANSWER:   Saline County has not consulted any expert witness and has no plans to call an expert witness at this time.   The Saline County Defendants will supplement this Response as required if they consult or retain any expert witness.

INTERROGATORY NO. 6:   Please list all photographs, documents, drawings, or exhibits which you intend to offer into evidence at the trial.

ANSWER:   In their disclosures, the Saline County Defendants provided copies of: (1) Saline County Sheriff's Office Incident Report – Case Number 2017-2539; and (2) Saline County 911 CFS History Search/Basic Report (13804 Royal Oaks Drive, Saline County) for March 5, 2017 through January 5, 2018.   Along with these Interrogatory Responses, the Defendants are providing: (1) Saline County Sheriff's Office Policy Manual; (2) Saline County Sheriff's Office Personnel File of Defendant Maranda Turner (with personal identifying information redacted); and (3) Saline County Sheriff's Office Personnel File of Defendant Brent Bittle (with personal identifying information redacted).   These are all documents in Defendants' possession that are relevant to the incident and Plaintiff's discovery requests—there are no photographs, drawings, or video relevant to the incident.   The Defendants will provide a trial exhibit list in their Local Rule 26.2 pre-trial disclosure sheet as contemplated by the *Final Scheduling Order* (Doc. 13).

INTERROGATORY NO.  7: Please state if any deputy or employee of the Saline County Sheriff's Office uttered any statements, commands or threats to the Plaintiff or any other person at the property where the incident occurred on the date of the incident and if so, state:

(a) The person or persons to whom any deputy or employee of the Saline County

Sheriff's Office uttered any statements, commands, or threats;

 (b) The time and place that each statement, command or threat was uttered; and

 (c) What any deputy or employee of the Saline County Sheriff's Office said on each occasion;

ANSWER:  Please see Saline County Sheriff's Office Incident Report – Case Number 2017-2539.  Saline County is unaware of any "statements, commands or threats to the Plaintiff or any other person at the property where the incident occurred on the date of the incident" aside from the information documented in the incident report.

INTERROGATORY NO. 8:  Please state all training and experience requirements for patrol deputies of the Saline County Sheriff's Office and for Defendant, Maranda Turner, and Defendant, Brent Bittle, please state:

(a) If the deputy completed all required training and experience requirements;

(b) The date on which the deputy completed all required training and experience requirements;

(c) Any certification or recognition by the Saline County Sheriff's Office of the completion of all required training and experience requirements for the deputy; and

(d) If the deputy did not complete all training and experience requirements, please state the reasons why.

ANSWER:  Along with these Interrogatory Responses, Saline County is providing: (1) Saline County Sheriff's Office Policy Manual; (2) Saline County Sheriff's Office Personnel File of Defendant Maranda Turner (with personal identifying information redacted); and (3) Saline County Sheriff's Office Personnel File of Defendant Brent Bittle (with personal identifying information redacted).  Defendants Turner and Bittle completed all training and experience requirements for patrol deputies prior to the date of the incident, as shown in their training and

6

**Saline County Defendants' MSJ Exhibit A**

certification records. The dates and other details of their trainings and certifications are documented in the records of their personnel files.

INTERROGATORY NO. 9: Please state all information stated in any Saline County Sheriff's Office Handbook, personnel manual, training materials or any other document provided by the Saline County Sheriff's Office to its deputies or deputies in training that provides any information related to the use of force by deputies and medical care or treatment to be provided by deputies.

ANSWER: Along with these Interrogatory Responses, Saline County is providing: (1) Saline County Sheriff's Office Policy Manual; (2) Saline County Sheriff's Office Personnel File of Defendant Maranda Turner (with personal identifying information redacted); and (3) Saline County Sheriff's Office Personnel File of Defendant Brent Bittle (with personal identifying information redacted). These records contain "all information stated in any Saline County Sheriff's Office Handbook, personnel manual, training materials or any other document provided by the Saline County Sheriff's Office to its deputies or deputies in training that provides any information related to the use of force by deputies and medical care or treatment to be provided by deputies." Deputies also receive training at the Arkansas Law Enforcement Training Academy (ALETA), but Saline County does not maintain ALETA records or training materials.

INTERROGATORY NO. 10: Please state if any Saline County Sheriff's Office patrol vehicles had vehicle cameras installed in them as of the date of July 3, 2017, and how many patrol vehicles had such cameras.

ANSWER: The patrol vehicle that Defendants Bittle and Turner drove to the residence on the date of the incident was equipped with a dash-camera, as were most if not all patrol vehicles. The dash-camera was not activated because Defendants Bittle and Turner were not dispatched to the residence with a code that required them to activate their emergency lights,

which would have activated the camera.

INTERROGATORY NO. 11: Please state if the vehicles Maranda Turner and Brent Bittle occupied on July 3, 2017 had a vehicle camera installed in them on July 3, 2017 and if the vehicles did, please state why such camera was not activated during the incident.

ANSWER: See Response to Interrogatory No. 10.

INTERROGATORY NO. 12: Please state if any Saline County Sheriff's Office patrol deputies had or had access to body cameras for their person as of the date of July 3, 2017 and the number of deputies that had or had access to such cameras and/or the number of body cameras owned by the Saline County Sheriff's Office.

ANSWER: No.

INTERROGATORY NO. 13: Please state if the Maranda Turner and Brent Bittle had a body camera on their person on July 3, 2017 and if they did, please state why such body camera was not activated during the incident, and if they did not, the reason they did not have a body camera on their person.

ANSWER: No. The Sheriff's Office did not have body cameras for patrol deputies at the time of the incident.

INTERROGATORY NO. 14: Please state, identify and describe the internal administrative procedures for addressing complaints and correcting instances of abuse of authority, excessive force, or failure to provide medical care of deputies of the Saline County Sheriff's Office and also state as follows:

(a) State whether the procedures include investigation of complaints and disciplinary consequences;

(b) Identify each person responsible for overseeing or initiating the procedures; and

(c) Identify each person responsible for the ultimate decision on complaint;

ANSWER: Please see the attached Saline County Sheriff's Office Policy Manual. As a matter of policy and custom, the Sheriff's Office investigates complaints of abuse of authority, excessive force, and/or failure to provide medical care by deputies, and takes appropriate disciplinary action when a deputy is found to have violated policy regarding these or other matters. Chief Deputy Fitzpatrick is typically responsible for overseeing such investigations and discipline. Sheriff Wright has the final authority regarding any investigations and employee discipline within the Sheriff's Office.

INTERROGATORY NO. 15: Please identify any photographs or reports that resulted from Plaintiff's arrest or injury.

ANSWER: Please see Response to Interrogatory No. 6.

INTERROGATORY NO. 16: Please identify all documents, including reports made or statements made, taken or received by a deputy or other employee of the Saline County Sheriff's Office regarding the arrest or injury of Plaintiff and the conduct of those present for those events.

ANSWER: Please see Response to Interrogatory No. 6.

INTERROGATORY NO. 17: If you contend that you are not liable for the injuries to Plaintiff, state in exact detail the reasons for that contention.

ANSWER: Please see the Saline County Defendants' averments and affirmative defenses stated in detail in their answer (Doc. No. 10). The deputies did not use excessive force against Plaintiff. The deputies did not fail to ensure medical care for Plaintiff—the deputies immediately summoned emergency medical providers for Plaintiff when she was injured. The deputies did not otherwise violate Plaintiff's rights or violate the policies of Saline County and the Sheriff's Office.

INTERROGATORY NO. 18: If you contend that the deputies acted according to the established policies and customs of the Saline County Sheriff's Office at all times relevant to the incident involving Plaintiff, identify the policies and customs and state with particularity all facts supporting the contention.

ANSWER: Please see the Saline County Defendants' averments and affirmative defenses stated in detail in their answer (Doc. No. 10), and please see the attached Saline County Sheriff's Office Policy Manual. The deputies did not use excessive force against Plaintiff. The deputies did not fail to ensure medical care for Plaintiff—the deputies immediately summoned emergency medical providers for Plaintiff when she was injured. The deputies did not otherwise violate Plaintiff's rights or violate the policies of Saline County and the Sheriff's Office.

INTERROGATORY NO. 19: If you, your attorneys or other representatives, are aware of any oral statements made by Plaintiff at any time relating to any of the issues alleged in the complaint, then with respect to each oral statement, please state:

(a) The substance of each oral statement;

(b) To whom each oral statement was made;

(c) When each soral [sic] statement was made;

(d) Where each oral statement was made.

ANSWER: Please see Responses to Interrogatory Nos. 4 and 6.

INTERROGATORY NO. 20: Have you ever been involved as a defendant in any prior civil lawsuits during the past ten (10) years, and if so, please identify the style of each litigation and include the court in which that litigation was filed.

**Saline County Defendants' MSJ Exhibit A**

ANSWER:   The "Saline County Sheriff's Office" is not a proper party defendant to any lawsuit.   Saline County, and employees of the Saline County Sheriff have been defendants in civil lawsuits, in their individual and official capacities.   Saline County does not maintain a database or list of such lawsuits.   To the extent that this Interrogatory seeks a complete list of all civil lawsuits in which Saline County or any of its employees have been named as a defendant over the past ten years, Saline County objects to this Request as overly broad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Additionally, such information is readily available to Plaintiff, as court proceedings are public records.   Without waiving the objections, Saline County has attempted to compile the requested information and offers the following, which Saline County cannot certify as a complete/exhaustive list:

(1) *Cody-Obama v. Pennington*, Saline County Circuit Court No. 63CV-15-294.

(2) *Wood v. Webb*, USDC E.D.Ark. No. 4:15-cv-758.

(3) *Arras v. Saline County, et al.*, USDC E.D.Ark. No. 4:16-cv-676.

(4) *Pilkington v. Saline County*, USDC E.D.Ark. No. 4:16-cv-198.

(5) *Tillery v. Wright, et al.*, USDC E.D.Ark. No. 4:16-cv-260.

(6) *Beck v. Saline County, et al.*, USDC E.D.Ark. No. 4:16-cv-495.

(7) *Burnell v. Briann, et al.*, USDC E.D.Ark. No. 4:16-cv-610.

(8) *Bell v. Saline County, et al.*, USDC W.D.Ark. No. 6:16-cv-6121 and USDC E.D.Ark. No. 4:17-cv-333.

(9) *Mayfield v. Briann, et al.*, USDC E.D.Ark. No. 4:16-cv-736.

(10) *Hodges v. Wright*, USDC E.D.Ark. No. 4:17-cv-10.

(11) *Williams v. Parker*, USDC E.D.Ark. No. 4:16-cv-655.

**Saline County Defendants' MSJ Exhibit A**

(12) *Yarberry v. Parkery*, USDC E.D.Ark. No. 4:17-cv-57.

(13) *Keen v. Parker*, USDC E.D.Ark. No. 4:17-cv-11.

(14) *Noble v. Shelnut*, USDC E.D.Ark. No. 4:16-cv-689.

(15) *Simmons v. Mandri*, USDC E.D.Ark. No. 4:17-cv-137.

(16) *Moore v. Mandri*, USDC E.D.Ark. No. 4:17-cv-115.

(17) *Wedsted v. Carpenter*, USDC E.D.Ark. No. 4:17-cv-263.

(18) *Thomas Bragg v. Micah Hall*, USDC E.D.Ark. No. 4:18-cv-286.

(19) *Barkley v. Carpenter*, USDC E.D.Ark. No. 4:17-cv-521.

(20) *Wright v. Davis*, USDC E.D.Ark. No. 4:17-cv-808.

(21) *McDonald v. Carpenter*, USDC E.D.Ark. No. 4:18-cv-172.

(22) *Garrison v. Wright*, USDC E.D.Ark. No. 4:18-cv-776.

(23) *Smith v. Wright*, USDC E.D.Ark. No. 4:19-cv-151.

(24) *Brown v. Parker*, USDC E.D.Ark. No. 4:19-cv-171.

(25) *Adams v. Parker*, USDC E.D.Ark. No. 4:19-cv-781.

(26) *Ellis v. Wright*, USDC E.D.Ark. No. 4:19-cv-311.

(27) *Lawrence v. Ringgold*, Pulaski County Circuit Court No. 60cv-20-2005 and USDC E.D.Ak. No. 4:20-cv-549.

INTERROGATORY NO. 21: Identify all previous complaints or lawsuits that have been filed against law enforcement personnel of the Saline County Sheriff's office that alleged abuse of authority, excessive force or failure to provide medical care within the last five (5) years preceding the date of the events giving rise to this lawsuit and the two (2) years following the date of events and include the following:

(a) The style of the case of the complaint or lawsuit;

**Saline County Defendants' MSJ Exhibit A**

(b) The law enforcement officers involved in the complaint or lawsuit;

(c) Whether the complaint or lawsuit was based on facts to detain or arrest an individual.

ANSWER:   The "Saline County Sheriff's Office" is not a proper party defendant to any lawsuit.  Saline County, and employees of the Saline County Sheriff have been defendants in civil lawsuits, in their individual and official capacities.  Saline County does not maintain a database or list of such lawsuits.  To the extent that this Interrogatory seeks a complete list of all civil lawsuits in which Saline County or any of its employees have been named as a defendant over the past ten years, Saline County objects to this Request as overly broad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Additionally, such information is readily available to Plaintiff, as court proceedings are public records.  Without waiving the objections, Saline County has attempted to compile the requested information and offers the following, which Saline County cannot certify as a complete/exhaustive list:

(1) *Steven Cody-Obama v. Sheriff Bruce Pennington, et al.*, Saline County Circuit Court No. 63CV-15-294.  Plaintiff alleged assault by Saline County Sheriff personnel and other law enforcement.  Dismissed.

(2) *Wood v. Webb*, USDC E.D.Ark. No. 4:15-cv-758.  Plaintiff alleged excessive force.  Settled.

(3) *Arras v. Saline County, et al.*, USDC E.D.Ark. No. 4:16-cv-676.  Plaintiff alleged denial of medical care.  Settled.

(4) *Pilkington v. Saline County*, USDC E.D.Ark. No. 4:16-cv-198.  Plaintiff alleged failure to provide adequate medical care in the jail.  Dismissed.

(5) *Beck v. Saline County, et al.*, USDC E.D.Ark. No. 4:16-cv-495.  Plaintiff

**Saline County Defendants' MSJ Exhibit A**

(6) *Burnell v. Briann, et al.*, USDC E.D.Ark. No. 4:16-cv-610. Plaintiff alleged failure to provide adequate medical care in the jail. Dismissed.

(7) *Bell v. Saline County, et al.*, USDC W.D.Ark. No. 6:16-cv-6121. Plaintiff alleged abuse of process, malicious prosecution, and outrage. Dismissed.

(8) *Mayfield v. Briann, et al.*, USDC E.D.Ark. No. 4:16-cv-736. Plaintiff alleged failure to provide adequate medical care in the jail. Dismissed.

(9) *Yarberry v. Parkery*, USDC E.D.Ark. No. 4:17-cv-57. Plaintiff alleged failure to provide adequate medical care in the jail. Dismissed.

(10) *Noble v. Shelnut*, USDC E.D.Ark. No. 4:16-cv-689. Plaintiff alleged excessive force and failure to provide medical care. Settled.

(11) *Simmons v. Mandri*, USDC E.D.Ark. No. 4:17-cv-137. Plaintiff alleged failure to provide adequate medical care in the jail. Dismissed.

(12) *Moore v. Mandri*, USDC E.D.Ark. No. 4:17-cv-115. Plaintiff alleged failure to provide adequate medical care in the jail. Dismissed.

(13) *Wedsted v. Carpenter*, USDC E.D.Ark. No. 4:17-cv-263. Plaintiff alleged failure to provide adequate medical care in the jail. Dismissed.

(14) *Thomas Bragg v. Micah Hall*, USDC E.D.Ark. No. 4:18-cv-286. Plaintiff challenged the validity of a search warrant that resulted in his arrest and property seizure by a Saline County deputy. Dismissed.

(15) *Barkley v. Carpenter*, USDC E.D.Ark. No. 4:17-cv-521. Plaintiff alleged failure to provide adequate medical care in the jail. Dismissed.

**Saline County Defendants' MSJ Exhibit A**

(16) *Wright v. Davis*, USDC E.D.Ark. No. 4:17-cv-808.   Plaintiff alleged excessive force.   Dismissed.

(17) *McDonald v. Carpenter*, USDC E.D.Ark. No. 4:18-cv-172.   Plaintiff alleged failure to provide adequate medical care in the jail.   Dismissed.

(18) *Garrison v. Wright*, USDC E.D.Ark. No. 4:18-cv-776.   Plaintiff alleged failure to provide adequate medical care in the jail.   Dismissed.

(19) *Smith v. Wright*, USDC E.D.Ark. No. 4:19-cv-151.   Plaintiff alleged failure to protect and failure to provide adequate medical care in the jail. Dismissed.

(20) *Brown v. Parker*, USDC E.D.Ark. No. 4:19-cv-171.   Plaintiff alleged failure to protect in the jail.   Dismissed.

(21) *Adams v. Parker*, USDC E.D.Ark. No. 4:19-cv-781.   Plaintiff alleges failure to provide adequate medical care in the jail.   Pending.

(22) *Ellis v. Wright*, USDC E.D.Ark. No. 4:19-cv-311.   Plaintiff alleged failure to protect and failure to provide adequate medical care in the jail. Dismissed.

(23) *Lawrence v. Ringgold*, Pulaski County Circuit Court No. 60cv-20-2005 and USDC E.D.Ak. No. 4:20-cv-549.   Plaintiffs allege improper seizure and destruction of property.   Pending.

INTERROGATORY NO. 22: Did you or any agent or employee of yours or of any defendants prepare, submit or make any written statement or report of this incident, and if so, state the date of any such written statement or report and the substance and contents of any such written statement or report.

15

**Saline County Defendants' MSJ Exhibit A**

ANSWER:   Please see Responses to Interrogatory Nos. 4 and 6.

INTERROGATORY NO. 23:   Please state if the Saline County Sheriff's Office has a policy, manual or other document for its deputies in connection with its deputies providing medical care to any injured persons, and if so, please identify the policy, manual or other document.

ANSWER:   Please see the attached Saline County Sheriff's Office Policy Manual. Deputies (including patrol deputies and jail deputies) also receive training regarding the provision of medical care through ALETA—Saline County does not maintain the ALETA training materials.

Respectfully submitted,

SALINE COUNTY, ARKANSAS

_____
Sheriff Rodney Wright

/s/ Colin R. Jorgensen
Arkansas Bar No. 2004178
Association of Arkansas Counties Risk Mgt. Services
1415 W. Third
Little Rock, Arkansas 72201
Telephone (501) 372-7947
Telefax (501) 372-0611
email: CJorgensen@ARCounties.org

**Saline County Defendants' MSJ Exhibit A**

## Certificate of Service

I hereby certify that on March 12, 2021, I submitted the foregoing to the following via electronic mail attachment:

Ronald A. Hope
211 Spring Street
Little Rock, AR 72201
rhope@htolaw.com

Ralph Wilson, III
211 Spring Street
Little Rock, AR   72201
wwilson@htolaw.com

/s/ Colin R. Jorgensen

**Saline County Defendants' MSJ Exhibit A**