**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**NELLIE ARNOLD**                                                                                    **PLAINTIFF**

**VS.**                                           **NO. 4:20-CV-729-DPM**

**DEPUTY MARANDA TURNER, Individually**                                         **DEFENDANTS**
**and in her Official Capacity;**
**DEPUTY BRENT BITTLE, Individually**
**and in his Official Capacity;**
**SALINE COUNTY SHERIFF'S OFFICE;**
**SHERIFF RODNEY WRIGHT, Individually**
**and in his Official Capacity; and**
**SALINE COUNTY, ARKANSAS**

**PLAINTIFF'S STATEMENT OF FACTS IN OPPOSITION**

Comes now the Plaintiff, Nellie Arnold, by and through her attorneys, Hope, O'Dwyer, Wilson & Arnold, P.A., and provides the following *Statement of Facts* in support of her Statement in Opposition to Defendants' Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56, Local Rules 7.2 and 56.1 and the Amended Final Scheduling Order entered in this matter on September 8, 2021.

1.   Exhibit "A" to this Statement of Facts in Opposition is the complete condensed transcript of the deposition of Separate Defendant, Maranda Turner ("Turner").

2.   Exhibit "B" to this Statement of Facts in Opposition is the complete condensed transcript of the deposition of Separate Defendant, Brent Bittle ("Bittle").

3.   Exhibit "C" to this Statement of Facts in Opposition is excerpts of the Saline County Sheriff's Office Policy Manual received from Defendant, Saline County Sheriff's Office, in discovery.

4. Exhibit "D" to this Statement of Facts in Opposition is the complete condensed transcript of the deposition of Plaintiff, Nellie Arnold.

5. Plaintiff notes Defendants have included as Exhibit A to its Motion Responses to Interrogatories propounded to Separate Defendant Saline County Sheriff's Office. Plaintiff notes Defendants have included as Exhibit B to its Motion an Incident Report in connection with this matter. Plaintiff states that such incident report is not verified and reserves any objection to the introduction of this document at trial and that the deposition transcripts of the officers are attached as Exhibits A and B to Plaintiff's Statement of Facts in opposition herein. Plaintiff notes Defendants have included as Exhibit C to its Motion a Saline County 911 history for Ms. Arnold's residence address from March 5, 2017 to January 5, 2018. Plaintiff states the relevant date on this document is July 3, 2017 and the calls stated in Paragraph 7 of Defendants' Statement of Facts. Plaintiff notes Defendants have included as Exhibit D to its Motion an affidavit and report of the Northeast Saline County Fire Department. Plaintiff notes Defendants have included as Exhibit E to its Motion certain excerpts of the transcript of the deposition of Plaintiff, Nellie Arnold, and Plaintiff has attached to this Statement of Facts in opposition the complete condensed transcript of Ms. Arnold.

6. Plaintiff admits the facts in Paragraph 6 of Defendants' Statement of Facts are undisputed.

7. Plaintiff admits Saline County Sheriff's deputies were dispatched to Ms. Arnold residence on July 3, 2017 including a dispatch for a disturbance reported by Ms. Arnold at 2:26 p.m., a dispatch for a disturbance reported by Lowell Best at 5:56 p.m., and a dispatch for a disturbance reported by Mr. Best at 6:18 pm. Plaintiff states that Exhibit C to Defendants' Motion states the above three (3) calls were the only calls specifically made by Ms. Arnold or Mr. Best.

8. Plaintiff admits the facts in Paragraph 8 of Defendants' Statement of Facts are undisputed.

9. Plaintiff admits the facts in Paragraph 9 of Defendants' Statement of Facts are undisputed. However, Plaintiff stated in her deposition that she did not believe she had mace on her that day at all and did not know why Mr. Best brought it up that day. *Exhibit D to Plaintiff's Statement of Facts at Page 28*.

10. Plaintiff disputes the facts in Paragraph 10 of Defendants' Statement of Facts. While Plaintiff agrees the officers provided a warning to Ms. Arnold and/or Mr. Best, Plaintiff states in her deposition the warning was for the officers to take Mr. Best, he has to do "something towards you like hit you, push you, something to irritate you, do something that would, you know, harm him not just talk." *Id*. at 29. Plaintiff further stated that the officers "were letting me know what I was lawfully allowed to do and not do without being arrested" and it was not her understanding that if the officers were warning Ms. Arnold that if she called them out too many time that somebody might get arrested. *Id*. at 30.

11. Plaintiff disputes certain facts in Paragraph 11 of Defendants' Statement of Facts. Plaintiff states in her deposition on the final dispatch to her residence that she told Turner that "I'll go with you…you don't have to make me go with you or anything. But I said we live in a bad neighborhood I've lived down here a long time and I want to put my phone, my medication, and what money I have in the back of my car. Not the backseat, but in the very back. I mean, I could almost step [sic] over into their car." *Exhibit D to Plaintiff's Statement of Facts at Pages 33-34*. Ms. Arnold states she never resisted arrest, was never handcuffed and that Turner was reaching for her and Turner knocked Ms. Arnold down. *Id*. at 35. Ms. Arnold states that Turner asked her to put her hands behind her back and that Ms. Arnold stated she will in just a minute and she was

3

going to close her car down and she didn't have anything in her hands or have her hand in her left front pocket. *Id*. at 35-36. Ms. Arnold states that Turner took her down. *Id*. at 37.

      12.      Plaintiff disputes certain facts in Paragraph 12 of Defendants' Statement of Facts. Plaintiff states in her deposition on the final dispatch to her residence that she told Turner that "I'll go with you…you don't have to make me go with you or anything. But I said we live in a bad neighborhood I've lived down here a long time and I want to put my phone, my medication, and what money I have in the back of my car. Not the backseat, but in the very back. I mean, I could almost step [sic] over into their car." *Exhibit D to Plaintiff's Statement of Facts at Pages 33-34*." Ms. Arnold states she never resisted arrest, was never handcuffed and that Turner was reaching for her and Turner knocked Ms. Arnold down. *Id*. at 35. Ms. Arnold states that Turner asked her to put her hands behind her back and that Ms. Arnold stated she will in just a minute and she was going to close her car down and she didn't have anything in her hands or have her hand in her left front pocket. *Id*. at 35-36. Ms. Arnold states that Turner took her down. *Id*. at 37.

      13.      Plaintiff admits the facts in Paragraph 13 of Defendants' Statement of Facts are undisputed.

      14.      Plaintiff admits the facts in Paragraph 14 of Defendants' Statement of Facts are undisputed. Ms. Arnold also stated in her deposition that she verified her Complaint and that she stands by the causes of action [sic] she alleged against each Defendant. *Exhibit D to Plaintiff's Statement of Facts at Pages 21, 64-65*.

      15.      Plaintiff admits the facts in Paragraph 15 of Defendants' Statement of Facts are undisputed. Ms. Arnold did state in her deposition that she believed Saline County Sheriff deputies were dispatched to her residence "probably three" times on July 3, 2017. *Exhibit D to Plaintiff's Statement of Facts at Page 22*.

16. Plaintiff disputes the facts in Paragraph 16 of Defendants' Statement of Facts. Ms. Arnold stated in her deposition that she did not believe she had any mace on her that day at all and did not know why it was brought up. *Exhibit D to Plaintiff's Statement of Facts at Page 28*.

17. Plaintiff admits the facts in Paragraph 17 of Defendants' Statement of Facts are undisputed.

18. Plaintiff admits the facts in Paragraph 18 of Defendants' Statement of Facts are undisputed. However, Bittle stated in his deposition that there was no physical altercation between Ms. Arnold and Mr. Best and had there been a physical altercation front of them, Bittle and Turner would have made arrests. Bittle also stated that neither Ms. Arnold nor Mr. Best had marks on them. *Exhibit B to Plaintiff's Statement of Facts at Page 22*. Turner stated that Ms. Arnold and Mr. Best were not being physical with one another during their first dispatch to Ms. Arnold's residence. *Exhibit A to Plaintiff's Statement of Facts at Page 22*.

19. Plaintiff admits the facts in Paragraph 19 of Defendants' Statement of Facts are undisputed.

20. Plaintiff admits the facts in Paragraph 20 of Defendants' Statement of Facts are undisputed.

21. Plaintiff admits the facts in Paragraph 21 of Defendants' Statement of Facts are undisputed.

22. Plaintiff admits the facts in Paragraph 22 of Defendants' Statement of Facts are undisputed.

23. Plaintiff admits the facts in Paragraph 23 of Defendants' Statement of Facts are undisputed.

24. Plaintiff admits the facts in Paragraph 24 of Defendants' Statement of Facts are undisputed.

25. Plaintiff admits the facts in Paragraph 25 of Defendants' Statement of Facts are undisputed.

26. Plaintiff admits the facts in Paragraph 26 of Defendants' Statement of Facts are undisputed.

27. On the last dispatch call and in the event they intended to detain Ms. Arnold and/or Lowell Best, the officers did not activate any siren or otherwise activate the dash-camera to effectuate any arrest. *Exhibit A to Plaintiff's Statement of Facts at Pages 45-46; Exhibit B to Plaintiff's Statement of Facts at Pages 38-39*. Both Turner and Bittle do not specifically recall if Turner advised or otherwise made any statement to Ms. Arnold that she was under arrest, even though Turner stated Saline County Sheriff deputies are to tell an individual they are under arrest. *Exhibit A to Plaintiff's Statement of Facts at Pages 41-42, 60; Exhibit B to Plaintiff's Statement of Facts at Pages 39-40*.

28. Both Turner and Bittle stated they did not feel threatened by Ms. Arnold and Turner stated that Ms. Arnold did not make any threatening statements to her. *Exhibit A to Plaintiff's Statement of Facts at Pages 32, 60; Exhibit B to Plaintiff's Statement of Facts at Page 56*. Further, at no time did Turner or Bittle see mace on the person or possession of Ms. Arnold or otherwise ask her if she had any on her person or to see it. *Exhibit A to Plaintiff's Statement of Facts at Pages 60-61*.

29. A prior training incident involving Bittle as Turner's supervisor involved Turner allowing a suspect to walk away to a restroom and come back in which Bittle advised Turner to "never let anybody walk off the scene again." *Exhibit A to Plaintiff's Statement of Facts at Pages*

6

*51-52; Exhibit to Plaintiff's Statement of Facts at Pages 46-47*.

30. In connection with the injury to Ms. Arnold, Bittle stated when he looked at Ms. Arnold, she had a compound fracture of her arm and that he could see the bone protruding out of Ms. Arnold's body. *Exhibit B to Plaintiff's Statement of Facts at Pages 31-32*. Bittle did not at any point provide any medical assistance and was on his phone with his supervisor following the injury to Ms. Arnold and during the time period Shannon Hills police arrived and the Northeast Saline County Fire Department. *Exhibit B to Plaintiff's Statement of Facts at Pages 34-35*. Turner also did not provide any medical assistance to Ms. Arnold, even though the bone was through the skin and that Ms. Arnold was screaming. *Exhibit A to Plaintiff's Statement of Facts at Pages 31, 33-34*.

31. Bittle stated that the Saline County Sheriff's Deputies are not trained on and not trained in any kind of specific takedown-type maneuvers. *Exhibit B to Plaintiff's Statement of Facts 41-42*. Turner listed certain non-lethal use of force authorized to take and did not state any specific take down maneuvers and that any such maneuvers may have been taught at the police academy and not by the Saline County Sheriff's Office. *Exhibit A to Plaintiff's Statement of Facts 43-44*.

    Respectfully Submitted,

    **NELLIE ARNOLD, PLAINTIFF**

BY:    Ronald A. Hope, Bar No. 81092
    Ralph "Win" Wilson, III, Bar No. 2007279
    HOPE, O'DWYER, WILSON & ARNOLD, P.A.
    211 South Spring Street
    Little Rock, AR 72201
    Phone (501) 372-4144
    Fax (501) 372-7480
    Email: rhope@hope-lawyers.com
    Email: wwilson@hope-lawyers.com
    *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 18, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will provided notification of the filing to CM/ECF participants.

/s/ Win Wilson