**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**NELLIE ARNOLD**                                                                                       **PLAINTIFF**

**VS.**                                            **NO. 4:20-CV-729-DPM**

**DEPUTY MARANDA TURNER, Individually**                                   **DEFENDANTS**
**and in her Official Capacity;**
**DEPUTY BRENT BITTLE, Individually**
**and in his Official Capacity;**
**SALINE COUNTY SHERIFF'S OFFICE;**
**SHERIFF RODNEY WRIGHT, Individually**
**and in his Official Capacity; and**
**SALINE COUNTY, ARKANSAS**

## PLAINTIFF'S BRIEF IN SUPPORT OF STATEMENT IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Comes now the Plaintiff, Nellie Arnold, by and through her attorneys, Hope, O'Dwyer, Wilson & Arnold, P.A., and provides the following Brief in support of her Statement in Opposition to Defendants' Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56, Local Rules 7.2 and 56.1 and the Amended Final Scheduling Order entered in this matter on September 8, 2021.

### I.     Introduction

Plaintiff, Nellie Arnold, filed a verified Complaint against the Defendants in connection with an incident that occurred outside her residence on July 3, 2017. The facts and evidence in this case are outlined in the Saline County Defendants' statement of facts and exhibits and Plaintiff's statement of facts in opposition and exhibits therein.

### II.    Summary Judgment Standard

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment only when there is no genuine issue as to any material fact. Fed. R. Civ. P.

56(a). The moving party has the burden of demonstrating that there is no genuine issue as to any material fact, and any doubt should be resolved in favor of the party resisting the motion. *Ozark Milling Co., Inc. v. Allied Mills, Inc.*, 480 F.2d 1014, 1015 (8th Cir. 1973). Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

Summary judgment can properly be entered when there are no genuine issue of material fact that can be resolved by a finder of fact; that is, there are no facts which could reasonably be resolved in favor of either party. *Twin City Bank v. Verex Assur., Inc.*, 733 F.Supp. 67 (E.D. Ark. 1990). The Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* (quoting *Anderson*, 477 U.S. at 252).

In deciding whether to grant a motion for summary judgment, the district court must view the evidence in favor of the party opposing the motion and give her the benefit of all reasonable inferences. *Green v. St. Louis Housing Authority*, 911 F.Supp. 65, 68 (8th Cir. 1990). The inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III.     Argument

A.     <u>Summary Judgment should be denied on Plaintiff's unlawful seizure/arrest claim</u>

Corporal Brent Bittle ("Bittle") and Deputy Maranda Turner ("Turner") made two separate dispatch calls to Ms. Arnold's address on July 3, 2017, the first at approximately 5:56 p.m and the

second at approximately 6:18 p.m. *Exhibit C to Defendant's Motion for Summary Judgment*.[1] The dispatch record lists a total of five (5) instances on July 3, 2017 for Ms. Arnold's residence with the first at 12:16 p.m. identified as being a traffic stop at the address. The second dispatch call made at 12:59 p.m. identifies a Jessica Springer as the caller and the reason for the call as "Information." The third dispatch call lists Ms. Arnold as the caller for a Disturbance at 2:26 p.m. Approximately three and a half hours later, the fourth and fifth dispatch which Turner and Deputy were dispatched to Ms. Arnold's residence were made by Lowell Best.

Defendants argue the officers had probable cause to arrest Ms. Arnold in that Ms. Arnold testified that she slapped Mr. Best in the face, and vice versa, in front of law enforcement officers. Defendants also argue the threatened violence by Ms. Arnold to Mr. Best in front of the officers was sufficient to establish probable cause for her arrest.

However, Bittle stated in his deposition that there was no physical altercation between Ms. Arnold and Mr. Best and had there been a physical altercation front of them, Bittle and Turner would have made arrests. Bittle also stated that neither Ms. Arnold nor Mr. Best had marks on them. *Exhibit B – Page 22 of condensed deposition transcript of Dep. Bittle*. Turner stated that Ms. Arnold and Mr. Best were not being physical with one another during their first dispatch to Ms. Arnold's residence. *Exhibit A – Page 22 of condensed deposition transcript of Dep. Turner*. While Turner mentioned statements Ms. Arnold made against Mr. Best during their first dispatch, any such statements did not amount to Ms. Arnold being arrested for those statements. *Exhibit A –*

---

[1] Defendants have attached as Exhibit C to its Motion for Summary Judgment a Saline County 911 CFS History Search/Basic Report (13804 Royal Oaks Drive, Saline County) for March 5, 2017 through January 5, 2018. That the incident and record in question related to Plaintiff's Complaint is for July 3, 2017 and that the Court should only look at any dispatch calls for such date and any other remaining dispatch calls not be made a part of the record for Defendants' Motion for Summary Judgment.

3

*Page 19.*

 Turner and Bittle state they told Ms. Arnold and Mr. Best that if they were to come back out, they would be taken into custody. *Exhibit A – Page 20; Exhibit B – Page 21*. Ms. Arnold disputes that warning. *Exhibit D - Page 29-30 of condensed deposition transcript of Nellie Arnold*. Approximately twenty (20) minutes later, Turner and Bittle were dispatched to Ms. Arnold's residence. This disturbance call was made by Mr. Best and Ms. Arnold was outside of her residence by her car at the time the officers arrived. Bittle directed Turner to place Ms. Arnold into custody and put her in the back seat of the car. *Exhibit B – Page 25*. However, upon this dispatch call and in the event they intended to detain Ms. Arnold and/or Lowell Best, they did not activate any siren or otherwise activate the dash-camera to effectuate any arrest. Additionally, both Turner and Bittle do not specifically recall if Turner advised or otherwise made any statement to Ms. Arnold that she was under arrest, even though Turner stated Saline County Sheriff deputies are to tell an individual they are under arrest. *Exhibit A – Page 41-42, 60; Exhibit B – Page 39-40*. Both Turner and Bittle stated they did not feel threatened by Ms. Arnold and Turner stated that Ms. Arnold did not make any threatening statements to her. *Exhibit A – 32, 60; Exhibit B – Page 56*. Further, at no time did Turner or Bittle see mace on the person or possession of Ms. Arnold or otherwise ask her if she had any on her person or to see it. *Exhibit A - Page 60-61*.

 Turner and Bittle did not witness a crime, felony or misdemeanor, to justify an arrest of Ms. Arnold, nor did they have any reasonable ground for making an arrest of Ms. Arnold based upon any felony not committed in the officers' presence. Essentially, Ms. Arnold had not committed and was not committing a crime in connection with the last disturbance call initiated by Mr. Best, and that Ms. Arnold was outside the residence and standing by her vehicle when the officers arrived at her residence. As such, Defendants' motion for summary judgment on the

unlawful seizure/arrest claim should be denied and dismissed.

  B. <u>Summary Judgment should be denied on Plaintiff's excessive-force claim[2]</u>

  Plaintiff states that Turner was the officer that slammed her to the ground resulting in certain damages as stated in her Complaint. Plaintiff acknowledges that Bittle ordered Turner to arrest Ms. Arnold and place her in the car to effectuate an arrest, which Plaintiff contends was unlawful as stated herein, but did not otherwise touch Ms. Arnold. However, a prior training incident involving Bittle as Turner's supervisor involved Turner allowing a suspect to walk away to a restroom and come back in which Bittle advised Turner to "never let anybody walk off the scene again." *Exhibit A – Page 51-52; Exhibit B – Page 46-47*. Plaintiff also acknowledges that Sheriff Rodney Wright ("Wright") was not at the scene, but is otherwise the supervisory official on behalf of any and all officers and their actions. Summary Judgment should be denied on Plaintiff's excessive force claims against the Defendants.

  C. <u>Summary Judgment should be denied on Plaintiff's denial of medical care claim</u>

  Defendants argue that summary judgment on Plaintiff's denial of medical care claim is proper because Deputy Bittle summoned emergency medical assistance and that the Shannon Hills Police Department subsequently arrived on the scene as well as firefighters prior to the ambulance arriving and transporting Ms. Arnold to a hospital. Defendants argue that there is no evidence that Turner or Bittle were deliberately indifferent to Ms. Arnold's medical needs regarding her injury.

  Ms. Arnold sustained an injury and Turner and Bittle were aware of a serious medical need but deliberately disregarded it, from the very fact that the medical need was obvious. While Bittle states he immediately got on the radio and asked for dispatch to fire and/or rescue and an

---

[2] Defendants concede that material facts are in dispute regarding Ms. Arnold's excessive-force claim against Deputy Turner.

ambulance, he did nothing else to assist Ms. Arnold with any medical attention. *Exhibit B – Page 30-31*. Bittle stated when he looked at Ms. Arnold, she had a compound fracture of her arm and that he could see the bone protruding out of Ms. Arnold's body. *Exhibit B – Pages 31-32*. Bittle stated that he had certain items in his vehicle on the date of the incident, he did not have a trauma kit at the time. *Exhibit B – Page 31*. Bittle also stated that approximately four (4) years after the incident, that the patrol vehicles now have first-aid kits. *Exhibit B – Page 31-32*. Bittle did not at any point provide any medical assistance and was on his phone with his supervisor following the injury to Ms. Arnold and during the time period Shannon Hills police arrived and the Northeast Saline County Fire Department. *Exhibit B – Page 34-35*.

Turner also did not provide any medical assistance to Ms. Arnold, even though the bone was through the skin and that Ms. Arnold was screaming. *Exhibit A – Page 31, 33-34*. It did take some time before the ambulance to show up. *Exhibit A – Page 36*.

Based upon the information above and the actions of Turner and Bittle and their complete disregard to provide any medical care to Ms. Arnold during any time period before and/or after Shannon Hills police, Northeast Fire or MedTran arrived on the scene (other than calling dispatch), Defendants' motion for summary judgment on the denial of medical care claim should be denied and dismissed.

        D.        <u>Plaintiff's Claim for Negligence</u>

Defendant has provided a risk management agreement on behalf of Saline County in discovery that would not act as a waiver of immunity from liability under Ark. Code Ann. §21-9-301 in this matter, and Plaintiff agrees that summary judgment is proper as to the separate negligence claim against the Defendants.

E.   <u>Summary Judgment should be denied on Plaintiff's claim for failure to train/supervise</u>

Defendants state there is no evidence supporting any of Ms. Arnold's allegations about training and supervision and has no evidence supporting any of the four elements that she must meet to establish a claim for failure to train/supervise.

The Saline County Sheriff's Office Policy Manual ("Manual") contains information, procedures and guidelines for the Sheriff's Office. *Exhibit C to Statement in Opposition*. Section 39.0 Training of the Manual, states that agencies are now being held legally accountable for the actions of their personnel and for failing to provide initial or remedial training. Section 40.0 Use of Force of the Manual, provides information for use of force and that law enforcement officers shall use only that force that is reasonably necessary to effectively bring an incident under control or while protecting the lives of the officer or another. Section 40.3 provides for parameters for use of non-deadly force and where deadly force is not authorized, officers should assess the incident in order to determine which non-deadly technique or weapon will best de-escalate the incident and bring it under control in a safe manner. The Manual further states that law enforcement officers are authorized to use non-deadly force techniques and issued equipment for resolution of incidents as follows: to protect themselves or another from physical harm, to restrain or subdue a resistant individual and to bring an unlawful situation safely and effectively under control. The Manual also provides for weaponless defense/arrest tactics and Deputies may use defense tactics in which agency training had been given to control or arrest uncooperative people.

Ms. Arnold asserts she was unlawfully slammed down to the ground by Turner. Bittle stated that the Saline County Sheriff's Deputies are not trained on and not trained in any kind of specific takedown-type maneuvers. *Exhibit B – Page 41-42*. Turner listed certain non-lethal use of force authorized to take and did not state any specific take down maneuvers and that any such

7

maneuvers may have been taught at the police academy and not by the Saline County Sheriff's Office. *Exhibit A – Page 43-44*. In connection with the Manual language for weaponless defense/arrest tactics and lack of training stated herein on such, Sheriff Wright and Saline County knew about such conduct and facilitated, approved, condoned or turned a blind eye for fear of instances such as what occurred to Ms. Arnold.

Plaintiff asserts that the action taken against her and the lack of any training by the Saline County Sheriff's Office for take-down maneuvering and the Office's knowledge of the lack of training, being deliberately indifferent to or tacitly authorizing such acts without training, failure to take sufficient remedial action, including providing training and the injury that occurred to Ms. Arnold satisfies the elements of her claim for failure to train/supervise and that Defendants motion for summary judgment on the failure to train/supervise claim should be denied and dismissed.

      F.      <u>Summary Judgment should be denied on Plaintiff's claims against Saline County Defendants Bittle and Wright in their individual capacities</u>

Defendants state the individual capacity claims against Bittle and Wright fail on the merits and that they are entitled to qualified immunity as a matter of law. However, as provided above on the unlawful seizure/arrest, excessive force, denial of medical care and failure to train/supervise claims against Bittle and Wright and their action and conduct violating clearly established or constitutional rights that a reasonable person would have known, those claims against them in their individual capacities should not be dismissed on summary judgment.

      G.      <u>Summary Judgment should be denied on Plaintiff's claims against the Saline County Defendants in their official capacities</u>

Plaintiff notes that official-capacity claims are "functionally equivalent to a suit against the employing governmental entity" and that "a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." Plaintiff acknowledges the only

evidence she has related to a claim for "custom" liability surrounds the Saline County Sheriff's Office Policy Manual ("Manual") and allowing certain Weaponless Defense/Arrest Tactics that Saline County Sheriff Deputies have not been trained to use. *See* Section E. above. Plaintiff states that Defendants' motion for summary judgment related to Plaintiff's official capacity claims should be denied and dismissed.

      H.      <u>Summary Judgment should be denied on Plaintiff's claim for civil cause of action by a crime victim</u>

Ark. Code Ann. §16-118-107 permits "any person injured or damaged by reason of conduct of another person that would constitute a felony under Arkansas law" to "file a civil action to recover damages based on the conduct." Ms. Arnold acknowledges no specific felony was alleged in her Complaint as being committed against her. Ms. Arnold's Complaint provides Turner's action of slamming Ms. Arnold to the ground and the injury Ms. Arnold sustained would constitute a felony under Arkansas law. See ECF No. 1 at 18, ¶79. The action by Turner would at the least amount to Battery in the second degree – Ark. Code Ann. §5-13-202. Plaintiff states that her claim for civil action by a crime victim is against Deputy Turner only and summary judgment should be denied as to this claim.

### IV.    Conclusion

For the reasons explained above, the Court should deny the Saline County Defendants' motion for summary judgment except as to the specific negligence claim against Defendants.

Respectfully Submitted,

**NELLIE ARNOLD, PLAINTIFF**

BY: Ronald A. Hope, Bar No. 81092
Ralph "Win" Wilson, III, Bar No. 2007279
HOPE, O'DWYER, WILSON & ARNOLD, P.A.
211 South Spring Street
Little Rock, AR 72201
Phone (501) 372-4144
Fax (501) 372-7480
Email: rhope@hope-lawyers.com
Email: wwilson@hope-lawyers.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 18, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will provided notification of the filing to CM/ECF participants.

/s/ Win Wilson